IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC and SANOFI MATURE IP, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 20-646 (RGA) |
| MSN PHARMACEUTICALS, INC. and MSN LABORATORIES PRIVATE LTD., | ) ) ) ) | |
| Defendants. | ) | |
| SANOFI-AVENTIS U.S. LLC and SANOFI MATURE IP, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 20-761 (RGA) |
| MYLAN LABORATORIES LIMITED, | ) ) ) | |
| Defendant. | ) | |
| SANOFI-AVENTIS U.S. LLC and SANOFI MATURE IP, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 20-803 (RGA) |
| ACCORD HEALTHCARE INC., | ) ) ) | |
| Defendant. | ) | |
| SANOFI-AVENTIS U.S. LLC and SANOFI MATURE IP, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 20-804 (RGA) |
| ACTAVIS LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**[PROPOSED] SCHEDULING ORDER**

This \_\_\_\_\_ day of _____, 2020, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Consolidation</u>. These actions are consolidated for all purposes and all papers shall be filed in Civil Action C.A. No. 20-cv-00804-RGA.

2. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **December 11, 2020**.

4. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **December 18, 2020**.

    b. <u>Document Production</u>. All documents produced by the parties in connection with *Sanofi-Aventis US LLC et al. v. Fresenius Kabi USA, LLC et al.*, C.A. No. 14-cv-7869-MAS-LHG (D.N.J.) ("Consolidated Prior New Jersey Action") shall either be re-produced in the instant action or, if already in the possession of the receiving party, be deemed produced in the instant actions, and shall be maintained confidential pursuant to Delaware Local Rule 26.2 pending entry of a protective order, which shall govern the confidentiality of those

documents thereafter. Any further document production shall be substantially complete by **October 16, 2020**.

        c.    <u>Requests for Admission</u>. All requests for admission and responses thereto served in the Consolidated Prior New Jersey Action shall either be reproduced in the instant actions, or if already in the possession of the receiving party, be deemed served, and shall have the same effect, in the instant actions. Responses to requests for admission served in the Consolidated Prior New Jersey Action may be supplemented or corrected in accordance with Federal Rule of Civil Procedure 26(e). This is not an admission as to the admissibility of those responses to requests for admission for any purpose. Additionally, Plaintiffs may collectively serve a maximum of ten (10) common requests for admission to Defendants, and ten (10) individual requests for admission to each Defendant Group.[1] Defendants may collectively serve a maximum of ten (10) common requests for admission to Plaintiffs, and each Defendant Group may serve ten (10) individual requests for admission to Plaintiffs.

        d.    <u>Interrogatories</u>. All interrogatories and responses thereto served in the Consolidated Prior New Jersey Action shall either be reproduced in the instant action, or if already in the possession of the receiving party, be deemed served, and shall have the same effect, in the instant actions. Responses to interrogatories served in the Consolidated Prior New Jersey Action may be supplemented or corrected in accordance with Federal Rule of Civil Procedure 26(e). This is not an admission as to the admissibility of those responses to interrogatories for any purpose. Additionally, Plaintiffs may collectively serve a maximum of

---

[1] "Defendant Group" shall mean each of: (1) MSN Pharmaceuticals, Inc. and MSN Laboratories Private Ltd. (collectively, "MSN"); (2) Mylan Laboratories Limited ("Mylan"); (3) Accord Healthcare Inc. ("Accord"); (4) Actavis LLC ("Actavis"); (5) Apotex Inc. and Apotex Corp. (collectively, "Apotex"); (6) Breckenridge Pharmaceutical, Inc.; (7) Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. (collectively, "DRL"); (8) Fresenius Kabi USA, LLC ("Fresenius"); and (9) Sandoz Inc. ("Sandoz").

three (3) common interrogatories to Defendants and two (2) individual interrogatories to each Defendant Group, which may be common or individual interrogatories. Defendants may collectively serve a maximum of three (3) common interrogatories to Plaintiffs and each Defendant Group may serve two (2) individual interrogatories to Plaintiffs that are unique to that Defendant Group. These limitations include contention interrogatories. Any party may exceed these limitations by agreement of the parties or with prior leave of the Court.

    e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. All fact deposition transcripts concerning the subject matter of U.S. Patent 8,927,592 from the Consolidated Prior New Jersey Action shall either be reproduced in the instant action, or if already in the possession of the receiving party, be considered produced, and shall have the same effect as if taken in the instant actions. This is not an admission as to the admissibility of those fact deposition transcripts for any purpose. Additionally, Plaintiffs shall be permitted up to 50 hours to take testimony by deposition upon oral examination of fact witnesses from all Defendant Groups collectively and third-party witnesses. Defendants collectively shall be permitted up to 50 hours to take testimony by deposition upon oral examination of fact witnesses from Plaintiffs and third-party witnesses. These limitations do not apply to any depositions upon oral examination of expert witnesses.

        ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having

filed an action in this Court for the purpose of this provision. All fact depositions may be taken remotely via videoconference. With respect to location of expert depositions, the parties shall negotiate in good faith to reach an agreement, if possible, regarding whether such depositions can be taken remotely via videoconference, and shall present such agreement or each side's position to the Court by no later than **January 22, 2021**.

    f. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a conference/argument, which, upon order of the Court, may be held via teleconference or videoconference. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

    If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

5

      g.    <u>Delaware Default Standard for Discovery</u>. The parties agree that the Delaware Default Standard for Discovery (the "Default Standard") will govern discovery in this case unless modified by this Order or by agreement of the parties. The parties shall be exempt from the provisions of paragraphs 3 and 4 of the Delaware Default Standard, provided, however, that each Defendant Group shall produce to Plaintiffs its core technical documents as set forth in paragraph 4(b) of the Delaware Default Standard on or before September 4, 2020, including producing to Plaintiffs the complete Abbreviated New Drug Application ("ANDA") or 505(b)(2) NDA and related documents concerning its accused ANDA or NDA products. Contentions may be sought by interrogatories, as addressed above in paragraph 4(d).

      h.    <u>Miscellaneous Discovery Matters</u>.

          i.    There are no other pending or completed litigations including IPRs involving one or more of the asserted patents. Amended claims to U.S. Patent 8,927,592 have been allowed by the U.S. Patent and Trademark Office ("PTO") and are presently being challenged on appeal to the Federal Circuit. Should the allowed claims be upheld on appeal and issue by the PTO, Plaintiffs expect further litigation on those amended claims.

    5.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of paragraph 3(f) above.

    Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to

preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 7. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. <u>Claim Construction Issue Identification</u>. On or before **August 26, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. and their proposed claim construction of those term(s)/phrase(s). On or before **September 2, 2020**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **September 9, 2020**. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted

with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

        9.     <u>Claim Construction Briefing</u>[2].  Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,000 words, on **September 25, 2020**.  Defendants shall serve, but not file, their answering brief, not to exceed 7,500 words, on **October 16, 2020**.  Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,000 words, on **November 6, 2020**.  Defendants shall serve, but not file their sur-reply brief, not to exceed 2,500 words, on **November 18, 2020**.  No later than **November 25, 2020**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.     Representative Claims

II.    Agreed-upon Constructions

III.   Disputed Constructions

A.    [TERM 1][3]

    1.    Plaintiffs' Opening Position
    2.    Defendants' Answering Position
    3.    Plaintiffs' Reply Position
    4.    Defendants' Sur-Reply Position

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means.  These verifications should not be provided to the Court unless a dispute arises about them.  Pictures, Figures copied from the patent, and other illustrations do not count against the word limit.  Plaintiffs should include with its opening brief one or more representative claims with the disputed terms italicized.  Should Defendants want to add additional representative claims, Defendants may do so.  The representative claims and the agreed-upon claim constructions do not count against the word limits.

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions.  The table does not count against the word limits.

    B.    [TERM 2]

        1.    Plaintiffs' Opening Position
        2.    Defendants' Answering Position
        3.    Plaintiffs' Reply Position
        4.    Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    10.    <u>Hearing on Claim Construction</u>. Beginning at \_\_\_\_\_ a.m. on **December** \_\_\_\_\_, 2020, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

    11.    <u>Disclosure of Expert Testimony</u>.

    a.    <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 22, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **February 19, 2021**. Reply expert reports from the party with the initial burden of proof are due on or before **March 12, 2021**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party

9

must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **April 9, 2021**.

      b. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion on or before **April 19, 2021**, with all *Daubert* grounds for all experts raised by each side included in a single brief. Briefing shall proceed as governed by the Local Rules.

12. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Email Service</u>. The parties hereby consent in writing to service of all documents by email.

14. <u>Pretrial Conference</u>. On _____, 2021, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at _____ a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. <u>Motions *in Limine*</u>.  Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion.  Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*.  Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the parties making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Trial</u>.  This matter is scheduled for a three (3) day bench trial beginning on **May 24, 2021**, beginning at 8:30 a.m., ending at 5:00 p.m. each day.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.  This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports.  (The second referral is optional, and should be deleted unless all parties agree to it.)

_____
UNITED STATES DISTRICT JUDGE