# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

December 2, 2020

**VIA ELECTRONIC FILING**

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

      Re:    *Sanofi-Aventis U.S. LLC, et al. v. Actavis LLC, et al.*, No. 20-cv-804-RGA (consolidated) – Dispute Regarding Deposition of Dr. Sunil Gupta

Dear Judge Andrews,

      Pursuant to the Court's November 25, 2020 Order (D.I. 167) and Section 4(f) of the Scheduling Order (D.I. 66), we write in response to Defendants' November 30, 2020 letter (D.I. 174) requesting the Court to order that the deposition of third-party Dr. Sunil Gupta proceed for ten hours over two days.  Defendants' letter downplays Dr. Gupta's status as a third-party and ignores the unique circumstances presented in this second litigation between the parties, including that Dr. Gupta has already been deposed.  The Court should deny Defendants' request.

      Dr. Gupta is a third-party to this case who was already deposed for two days in an earlier litigation between the parties while he was still employed by Plaintiffs.  Moreover, Dr. Gupta is busy with his professional endeavors: as an outside consultant he is presently serving as Chief Medical Officer for a company in the middle of clinical trials of a drug candidate.  Notwithstanding his busy schedule, Dr. Gupta agreed to search for and produce documents and to appear for a deposition in this litigation.  Defendants' letter provides no good cause as to why they need two days of additional testimony as opposed to a one-day, seven hour deposition.

      This case involves two patents—U.S. Patent Nos. 10,583,110 and 10,716,777 (the "Patents-in-Suit")—that cover methods of using of Plaintiffs' JEVTANA® (cabazitaxel) product for increasing survival of patients with advanced prostate cancer that have failed previous therapies.  An earlier litigation between the parties in the District of New Jersey ("Prior New Jersey Action") involved different patents, one of which (U.S. Patent No. 8,927,592 (the "'592 Patent"))

The Honorable Richard G. Andrews
December 2, 2020
Page 2

was a parent to the applications leading to the Patents-in-Suit. Although the claims of the three patents are different, the specifications are identical, and they are all based on the results of the TROPIC clinical trial, which Dr. Gupta designed, supervised, and analyzed.

Based on the litigation history, the parties agreed to an expedited schedule in this case with the mutual understanding that discovery would be limited and narrowly focused. In fact, when the parties were negotiating the scheduling order, **Defendants** requested that discovery from the Prior New Jersey Action, including certain deposition testimony, be treated as if it had taken place in this action. *See* Exhibit A, Aug. 3, 2020 Email from A. Zalcenstein to W. Meier. In order to avoid duplicative or excessive deposition testimony in light of the expedited schedule, Plaintiffs agreed to Defendants' request. Specifically, the parties agreed that "[a]ll fact deposition transcripts concerning the subject matter of U.S. Patent No. 8,927,592 from the Consolidated Prior New Jersey Action…shall have the same effect as if taken in the instant action[]." D.I. 66, Section 4(e)(i). Indeed, some Defendants have thus far not agreed to provide a 30(b)(6) witness on any of Plaintiffs' noticed Topics, citing this very agreement.

In the Prior New Jersey Action, Dr. Gupta was designated to testify for Plaintiffs under Federal Rule of Civil Procedure 30(b)(6) regarding several Topics concerning the '592 Patent, the examples disclosed therein, the TROPIC study, and the regulatory filings related to Jevtana® (cabazitaxel). *See* Exhibit B, Plaintiffs' Responses and Objections to Defendants' Notice of 30(b)(6) Deposition from Prior New Jersey Action. He was deposed for two days, and Defendants are able to use all of that testimony in this case given the parties' agreement.

Defendants' claims that the breadth of the subject matter on which Dr. Gupta will testify here justify additional time are overstated. Dr. Gupta is currently designated on seven 30(b)(6) Topics for his upcoming deposition. Three of those seven Topics are practically verbatim to Topics on which Dr. Gupta was previously designated and deposed in the Prior New Jersey Action. See Exhibit C, Defendants' Notice of 30(b)(6) Deposition in this case (*compare* Exhibit C, Topics 1, 2, and 13 *with* Exhibit B, Topics 1, 2, 13). In addition, there is substantial overlap between the seven Topics on which Dr. Gupta is designated. For example, Topic 1 relates to conception and reduction to practice of the inventions, Topic 2 relates to the research and development regarding the claimed inventions, and Topic 3 is directed to the TROPIC study underlying the claimed inventions. The regulatory Topics also have substantial overlap – Topic 13 relates to regulatory submissions for Jevtana®, Topic 14 relates to prescribing information for Jevtana® (necessarily included in the regulatory submissions ), and Topic 15 relates to the indications for Jevtana® (again necessarily included in regulatory submissions and the prescribing information). Thus, the number of Topics on which Dr. Gupta is designated (seven) reflects Defendants' choice of overlapping Topics, not the breadth of the testimony that will be elicited.

Furthermore, Dr. Gupta's designation as a 30(b)(6) witness does not justify additional time. As noted above, many of the 30(b)(6) Topics concern Dr. Gupta's role in the TROPIC study and the claimed inventions that arose from that study. Consequently, Dr. Gupta's testimony as a corporate witness should be coextensive with testimony given in his personal capacity as the inventor. Defendants do not identify any non-overlapping issue to justify an additional three hours.

The Honorable Richard G. Andrews
December 2, 2020
Page 3

Moreover, because they are able to use his deposition in the prior case, Defendants will not need to spend any significant time on matters such as Dr. Gupta's background, which was explored in the Prior New Jersey Action.

The fact that the allotted time to depose Dr. Gupta may be split among the Defendants does not support granting additional time either. Defendants Sandoz and Actavis are represented by the same counsel, so there will be at most four sets of attorneys that could question Dr. Gupta, and those attorneys should coordinate their efforts to complete their examination within seven hours. Most of the Topics identified by Defendants on which Dr. Gupta will testify relate to validity, which is an issue that is common to all Defendants, as evidenced by their jointly served invalidity contentions. Therefore, Defendants should at least be required to make all efforts to complete Dr. Gupta's deposition in seven hours instead of preemptively requesting more time.

Finally, none of the cases cited by Defendants support their request. None of them was the second litigation between the same parties regarding the same reference listed product. And none of those cases involved a third-party inventor who was previously deposed. Two of Defendants' citations are scheduling orders that permitted more than seven hours for inventor depositions that did not involve disputes. *See, e.g., Merck Sharp & Dohme Corp. v. Ajanta Pharma Ltd.*, C.A. No. 20-815-RGA, D.I. 16 (D. Del. Sept. 2, 2020); *Astellas Pharma Inc. v. Actavis Labs. FL, Inc. et al.*, C.A. No. 16-1120-GMS, D.I. 38 (D. Del. July 20, 2017). The scheduling orders merely reflect the parties' agreed-upon discovery limitations. *Bristol-Myers Squibb Co. et al. v Aurobindo Pharma, USA Inc.*, C.A. No. 17-374-LPS, D.I. 164 (D. Del. May 14, 2018) does not support Defendants either. It is an oral order regarding the parties' proposals for deposition discovery generally, and the parties agreed to defer setting deposition limitations until later in the case. *See* C.A. No. 17-374-LPS, D.I. 19, ¶ 8(g) (D. Del. Nov. 2, 2017). The two-day deposition of Dr. Gupta in the Prior New Jersey Action in combination with a third day of seven hours in this action is reasonable and greatly exceeds the time allotted in other cases in this district where inventors were deposed *once* for more than seven hours.

For these reasons, Defendants' letter provides no good cause for the additional deposition time they seek, and the Court should deny Defendants' request for more than seven hours to depose Dr. Gupta.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

Enclosures

cc:  All Counsel of Record (w/enc.)