# Exhibit A

**Scerbo, Michael S.**

_____

| | |
|---|---|
| **Subject:** | FW: Sanofi-Aventis U.S. LLC, et al. v MSN Pharms., Inc., et al., C.A. No. 20-646; v. Mylan Labs. Ltd., C.A. No. 20-761; v. Accord Healthcare Inc., C.A. No. 20-803; v. Actavis LLC, et al., C.A. No. 20-804 |

_____

**From:** Zalcenstein, Aviv A <AZalcenstein@goodwinlaw.com>
**Sent:** Monday, August 3, 2020 1:35 PM
**To:** Meier, Whitney L. <WLMeier@Venable.com>; Rapalino, Emily L. <ERapalino@goodwinlaw.com>;
dwiesen@goodwinproctor.com; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; Broussard, Joel
<JBroussard@goodwinlaw.com>; jshaw@shawkeller.com; kkeller@shawkeller.com; dfry@shawkeller.com;
nhoeschen@shawkeller.com; 'Alul, Andrew M. (AAlul@taftlaw.com)' <AAlul@taftlaw.com>; Shrestha, Roshan P.
<rshrestha@taftlaw.com>; Auten, Stephen R. <sauten@taftlaw.com>; karas@rlf.com; jcp@pmhdelaw.com;
mch@pmhdelaw.com; William Hare <bill@miplaw.com>; kylemusgrove@parkerpoe.com;
johnbateman@parkerpoe.com; elizabethcrompton@parkerpoe.com; bderenzi@bpirx.com; Farnan@rlf.com;
frodriguez@windelsmarx.com; jbarabas@windelsmarx.com; nbelgam@skjlaw.com; eormerod@skjlaw.com;
DGattuso@proctorheyman.com <DGattuso@hegh.law>; twerner@carolsoncaspers.com;
smatheson@carlsoncaspers.com; kdorsney@morrisjames.com; spatel@schiffhardin.com; hjj@schiffhardin.com;
kdorsney@morrisjames.com; rdaignault@goldbergsegalla.com; rjuang@goldbergsegalla.com; stamoulis@swdelaw.com;
weinblatt@swdelaw.com; Reed, Matthew <MReed@wsgr.com>; Powell III, G. Edward <epowell@wsgr.com>; Devine,
Wendy <wdevine@wsgr.com>; Hanson, Tina <thanson@wsgr.com>; David Moore <dmoore@potteranderson.com>;
BPalapura@potteranderson.com; ttimlin@potteranderson.com
**Cc:** Solander, William E. <WSolander@Venable.com>; Minion, Daniel J. <DMinion@Venable.com>; Scerbo, Michael S.
<MScerbo@Venable.com>; Blumenfeld, Jack <JBlumenfeld@MNAT.com>; 'dfahnestock@mnat.com'
<dfahnestock@MNAT.com>
**Subject:** RE: Sanofi-Aventis U.S. LLC, et al. v MSN Pharms., Inc., et al., C.A. No. 20-646; v. Mylan Labs. Ltd., C.A. No. 20-
761; v. Accord Healthcare Inc., C.A. No. 20-803; v. Actavis LLC, et al., C.A. No. 20-804

[External]

Counsel,

Per our conversation on Friday, attached please find Defendants' edits to the scheduling order, including a proposal for
fact deposition transcripts concerning the subject matter of the '592 patent to be deemed produced, and have the same
effect as if taken in this action. Please let us know if Sanofi is amenable to the attached schedule and proposition
regarding these fact depositions.

**Aviv A. Zalcenstein**



Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
o  +1 212 459 7355
f   +1 212 202 5115
AZalcenstein@goodwinlaw.com | goodwinlaw.com



1

**From:** Meier, Whitney L. <WLMeier@venable.com>
**Sent:** Thursday, July 23, 2020 10:11 AM
**To:** Rapalino, Emily L. <ERapalino@goodwinlaw.com>; dwiesen@goodwinproctor.com; Zalcenstein, Aviv A <AZalcenstein@goodwinlaw.com>; Mahmood, Tiffany <TMahmood@goodwinlaw.com>; Broussard, Joel <JBroussard@goodwinlaw.com>; jshaw@shawkeller.com; kkeller@shawkeller.com; dfry@shawkeller.com; nhoeschen@shawkeller.com; 'Alul, Andrew M. (AAlul@taftlaw.com)' <AAlul@taftlaw.com>; Shrestha, Roshan P. <rshrestha@taftlaw.com>; Auten, Stephen R. <sauten@taftlaw.com>; karas@rlf.com; jcp@pmhdelaw.com; mch@pmhdelaw.com; William Hare <bill@miplaw.com>; kylemusgrove@parkerpoe.com; johnbateman@parkerpoe.com; elizabethcrompton@parkerpoe.com; bderenzi@bpirx.com; Farnan@rlf.com; frodriguez@windelsmarx.com; jbarabas@windelsmarx.com; nbelgam@skjlaw.com; eormerod@skjlaw.com; DGattuso@proctorheyman.com <DGattuso@hegh.law>; twerner@carolsoncaspers.com; smatheson@carlsoncaspers.com; kdorsney@morrisjames.com; spatel@schiffhardin.com; hji@schiffhardin.com; kdorsney@morrisjames.com; rdaignault@goldbergsegalla.com; rjuang@goldbergsegalla.com; stamoulis@swdelaw.com; weinblatt@swdelaw.com; 'Reed, Matt (MReed@wsgr.com)' <MReed@wsgr.com>; Powell III, G. Edward <epowell@wsgr.com>; Devine, Wendy <wdevine@wsgr.com>; Hanson, Tina <thanson@wsgr.com>; David Moore <dmoore@potteranderson.com>; BPalapura@potteranderson.com; ttimlin@potteranderson.com
**Cc:** Solander, William E. <WSolander@Venable.com>; Minion, Daniel J. <DMinion@Venable.com>; Scerbo, Michael S. <MScerbo@Venable.com>; Blumenfeld, Jack <JBlumenfeld@MNAT.com>; 'dfahnestock@mnat.com' <dfahnestock@MNAT.com>
**Subject:** Sanofi-Aventis U.S. LLC, et al. v MSN Pharms., Inc., et al., C.A. No. 20-646; v. Mylan Labs. Ltd., C.A. No. 20-761; v. Accord Healthcare Inc., C.A. No. 20-803; v. Activas LLC, et al., C.A. No. 20-804

Counsel,

Attached is Sanofi's proposed scheduling order for the above-captioned cases.  Please provide your comments well in advance of the August 5 filing deadline.

Best regards,

Whitney L. Meier, Esq.
Venable | Fitzpatrick
t 212.218.2379
Venable LLP, Rockefeller Center, 1270 Avenue of the Americas, 24th Floor
New York, NY 10020

WLMeier@Venable.com | www.Venable.com

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************


*********************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain
confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality
protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive
this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*********************************************************

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC,<br>AVENTIS PHARMA S.A. and<br>SANOFI<br><br>           Plaintiffs,<br><br>    v.<br><br>FRESENIUS KABI USA, LLC,<br><br>    Defendant. | Civil Action No. 3:14-cv-07869(MAS)(LHG)<br>Civil Action No. 3:14-cv-08082(MAS)(LHG)<br>Civil Action No. 3:15-cv-02631(MAS)(LHG) |
| SANOFI-AVENTIS U.S. LLC,<br>AVENTIS PHARMA S.A. and<br>SANOFI<br><br>           Plaintiffs,<br><br>    v.<br><br>ACCORD HEALTHCARE, INC.,<br><br>    Defendant. | Civil Action No. 3:14-cv-08079(MAS)(LHG)<br>Civil Action No. 3:15-cv-02520(MAS)(LGH) |
| SANOFI-AVENTIS U.S. LLC,<br>AVENTIS PHARMA S.A. and<br>SANOFI<br><br>           Plaintiffs,<br><br>    v.<br><br>BPI LABS, LLC AND BELCHER<br>PHARMACEUTICALS, LLC,<br><br>    Defendants. | Civil Action No. 3:14-cv-08081(MAS)(LHG)<br>Civil Action No. 3:15-cv-02521(MAS)(LHG) |

SANOFI-AVENTIS U.S. LLC,
AVENTIS PHARMA S.A. and
SANOFI

                    Plaintiffs,

              v.

APOTEX CORP. AND APOTEX, INC.,

                    Defendants.

Civil Action No. 3:15-cv-00287(MAS)(LHG)
Civil Action No. 3:15-cv-01835(MAS)(LHG)

SANOFI-AVENTIS U.S. LLC,
AVENTIS PHARMA S.A. and
SANOFI

                    Plaintiffs,

              v.

BRECKENRIDGE PHARMACEUTICAL,
INC.,

              Defendant.

Civil Action No. 3:15-cv-00289(MAS)(LHG)
Civil Action No. 3:15-cv-01836(MAS)(LHG)

SANOFI-AVENTIS U.S. LLC,
AVENTIS PHARMA S.A. and
SANOFI

                    Plaintiffs,

              v.

MYLAN LABORATORIES LTD.,

              Defendant.

Civil Action No. 3:15-cv-00290(MAS)(LHG)
Civil Action No. 3:15-cv-03392(MAS)(LHG)

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br><br>Plaintiffs,<br><br>v.<br><br>ACTAVIS LLC,<br><br>Defendant. | Civil Action No. 3:15-cv-00776(MAS)(LHG)<br>Civil Action No. 3:15-cv-03107(MAS)(LHG) |
| SANOFI-AVENTIS U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD.,<br><br>Defendants. | Civil Action No. 3:15-cv-02522(MAS)(LHG) |
| SANOFI-AVENTIS U.S. LLC, AVENTIS PHARMA S.A. and SANOFI<br><br>Plaintiffs,<br><br>v.<br><br>GLENMARK PHARMACEUTICALS, INC., USA and GLENMARK PHARMACEUTICALS LTD.,<br><br>Defendants. | Civil Action No. 15-cv-02523(MAS)(LHG) |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' NOTICE OF 30(b)(6) DEPOSITION**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, plaintiffs Sanofi-Aventis U.S. LLC, Aventis Pharma S.A., and Sanofi (collectively, "Plaintiffs") hereby make the following objections and responses to the Notice of 30(b)(6) Deposition of Plaintiffs served by defendants Fresenius Kabi USA, LLC ("Fresenius"); Accord Healthcare, Inc. ("Accord"); BPI Labs, LLC and Belcher Pharmaceuticals, LLC (collectively, "BPI-Belcher"); Apotex Corp. and Apotex Inc. (collectively, "Apotex"); Breckenridge Pharmaceutical, Inc. ("Breckenridge"); Mylan Laboratories Limited ("Mylan"); Actavis LLC ("Actavis"); Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. (collectively, "DRL"); and Glenmark Pharmaceuticals Inc., USA and Glenmark Pharmaceuticals Ltd. (collectively, "Glenmark") (all collectively, "Defendants") on April 13, 2016, as follows:

## GENERAL OBJECTIONS

Plaintiffs incorporate by reference the objections set forth in Plaintiffs' Responses to Defendant Apotex's First Set of Requests for the Production of Documents and Things (Nos. 1-54), served to all Defendants on October 5, 2015 ("Plaintiffs' Response to Apotex") and the objections set forth in Plaintiffs' Responses to Defendants' First Set of Joint Interrogatories to Plaintiffs (Nos. 1-9), served to all Defendants on December 16, 2015.

1.      Plaintiffs object to each and every deposition topic ("Topic") to the extent that it seeks examination regarding, and discovery of, information protected from disclosure by the attorney-client privilege, work product immunity doctrine, Rule 408 of the Federal Rules of Evidence, or any other privilege or exemption afforded by applicable law.

2.      Plaintiffs object to each and every definition, instruction, and Topic to the extent that they seek examination regarding, and disclosure of, information not within Plaintiffs'

1

possession, custody or control; to do so would place an undue burden upon Plaintiffs and is not otherwise required by law.

3.       Plaintiffs object to each Topic to the extent it seeks information or testimony that is not relevant to any claim, defense, or issue raised in this litigation, or seeks information or testimony that is not reasonably calculated to lead to the discovery of admissible evidence.

4.       Plaintiffs object to each and every definition, instruction and Topic to the extent that they improperly purport to impose obligations on Plaintiffs that exceed or are inconsistent with their obligations under, or are premature in light of, the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of New Jersey ("Local Rules").

5.       Plaintiffs object to each and every Topic to the extent it seeks examination regarding and disclosure of proprietary or confidential information, non-public information or trade secrets.  Plaintiffs will disclose information only in accordance with the Discovery Confidentiality Orders entered in the above-captioned actions.

6.       Plaintiffs object to each and every Topic to the extent it seeks expert discovery from fact witnesses or otherwise expert discovery in advance of expert discovery as scheduled by the Court.

7.       Plaintiffs object to each and every definition, instruction, and Topic to the extent that it seeks examination regarding, and the disclosure of, information already known to Defendants, or in Defendants' possession, custody or control, and/or seeks information that may be obtained from other sources or through other means of discovery that are more convenient, more efficient, more practical, less burdensome and/or less expensive.

8.      Plaintiffs object to each and every Topic as overly broad and unduly burdensome to the extent that the topics do not state with reasonable particularity the topics on which Defendants seek testimony as required by Rule 30(b)(6).

9.      Plaintiffs object to each Topic and Defendants' Definitions to the extent it seeks testimony concerning "any," "all," "any and all," "in whole or in part," or "each" person, document, meeting, experiment, or the like, on the grounds that such Topics are overbroad and providing a response would be unduly burdensome.

10.     Plaintiffs object to each and every Topic to the extent it seeks deposition testimony to ascertain Plaintiffs' legal argument, as opposed to discoverable facts.

11.     These objections are made without waiver of and with preservation of:

a.  All questions as to competency, relevancy, materiality, privilege and admissibility of any information, documents and things, and the subject matter thereof, as evidence for any purpose and in any further proceeding in the above-captioned actions and in any other action;

b.  The right to object to the use of any information, documents or things or the subject matter thereof related to any of the Topics, on any ground in any further proceeding in the above-captioned action and any other action;

c.  The right to object on any ground at any time to a demand or topic for further information, documents or things related to the topics identified by Defendants; and

d.  The right at any time to review, correct, add to, supplement or clarify any of the responses contained herein.

3

12.     Plaintiffs object to Defendants' definition of "Sanofi U.S." as vague, overly broad and unduly burdensome, and to the extent it purports to include "any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof" and "any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing."  Plaintiffs further object to this definition as overbroad to the extent it attempts to impose burdens on Plaintiffs greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any order of the Court in this matter.  Plaintiffs further object to this definition to the extent it includes Plaintiffs' counsel and, therefore, seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

13.     Plaintiffs object to Defendants' definition of "Aventis" as vague, overly broad and unduly burdensome, and to the extent it purports to include "any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing."  Plaintiffs further object to this definition as overbroad to the extent it attempts to impose burdens on Plaintiffs greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any order of the Court in this matter.  Plaintiffs further object to this definition to the extent it includes Plaintiffs' counsel and, therefore, seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

4

14.     Plaintiffs object to Defendants' definition of "Sanofi" as vague, overly broad and unduly burdensome, and to the extent it purports to include "any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing."  Plaintiffs further object to this definition as overbroad to the extent it attempts to impose burdens on Plaintiffs greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any order of the Court in this matter.  Plaintiffs further object to this definition to the extent it includes Plaintiffs' counsel and, therefore, seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

15.     Plaintiffs object to Defendants' definition of "RPR" as vague, overly broad and unduly burdensome, and to the extent it purports to include "any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing."  Plaintiffs further object to this definition as overbroad to the extent it attempts to impose burdens on Plaintiffs greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any order of the Court in this matter.  Plaintiffs further object to this definition to the extent it includes Plaintiffs' counsel and, therefore, seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

16.     Plaintiffs object to Defendants' definition of "Plaintiffs," "you," or "your," as vague, overly broad and unduly burdensome, and to the extent it purports to include "all past and present officers, directors, executives, partners, employees, affiliates, attorneys accountants, agents, consultants, representatives, and contracted facilities or service providers, as well as persons acting or purporting to act on their behalf" and "all past or present parents, subsidiaries, members, and/or affiliated or controlled entities or joint-ventures thereof."  Plaintiffs further object to this definition as overbroad to the extent it attempts to impose burdens on Plaintiffs greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any order of the Court in this matter. Plaintiffs further object to this definition to the extent it includes Plaintiffs' counsel, and therefore, seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

17.     Plaintiffs object to Defendants' definition of "communication" as overly broad and unduly burdensome, and to the extent it purports to include "*every* contact of *any* nature, whether oral or written, from one person to another, and any evidence of such contact, including *without limitation any* correspondence, memoranda, notes, diaries, daily calendars, electronic mail messages, voicemail messages, 'instant messages,' computer files, electronic or magnetic media, or other documents containing such contacts."  Plaintiffs further object to this definition as overbroad to the extent it attempts to impose burdens on Plaintiffs greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any order of the Court in this matter.

18.     Plaintiffs object to Defendants' definition of "Instant Litigation" as including litigations other than the above-captioned actions that are coordinated under the Lead Case No. 14-07869 (MAS)(LHG) (D.N.J.).

19.     Plaintiffs object to Defendants' definition of "test," "tested," or "testing" to the extent it refers to "any measurement, observation, or analysis and/or results, data, output, charts or interpretation thereof performed by or on behalf of Plaintiffs, whether or not completed," including "all protocols, procedures or methods therefore," "protocols, procedures, or methods used in maintaining and operating [any scientific] instrument," and "all data or information input to the instrument for conducting the test or tests, all output, whether in hardcopy or in the form of computer or digital files" on the grounds that it is vague, overly broad, and unduly burdensome.

20.     These above General Objections apply to all of the Topics.  To the extent that any particular General Objections are repeated in response to a particular Topic, the invocation of such Objections shall not be construed as a waiver of any other General Objections applicable to information falling within the scope of the Topic.

## SPECIFIC RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

**TOPIC NO. 1**:

The conception and reduction to practice of the alleged inventions claimed in the patents-in-suit, including, without limitation, the dates and circumstances leading to the conception and reduction to practice, the contribution of the Named Inventors to that conception and reduction to practice, and the contribution of any other person materially involved in that conception or reduction to practice.

**RESPONSE AND OBJECTION TO TOPIC NO. 1**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic as improperly seeking Plaintiffs' legal contentions.  Plaintiffs further object to this Topic as seeking expert testimony from a fact witness.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate Dr. Hervé Bouchard to testify as to discoverable, non-privileged information regarding the research and development leading up to the filing of the '170 patent. Plaintiffs will designate Dr. Sunil Gupta to testify as to discoverable, non-privileged information regarding the research and development leading up to the filing of the '592 patent. Plaintiffs will designate one or more witnesses to testify regarding the research and development leading up to the filing of the '907 patent.

**TOPIC NO. 2**:

All research, development, trials, and experimentation proposed or conducted by or for Plaintiffs and/or RPR regarding the alleged inventions claimed in the patents-in-suit, including research, development, trials, or experimentation proposed or conducted by or for Plaintiffs and/or RPR regarding the use of cabazitaxel to treat hormone-refractory prostate cancer, and the identity of all those involved and their respective roles.

**RESPONSE AND OBJECTION TO TOPIC NO. 2**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Plaintiffs further object to this Topic on the grounds that it is overly broad because it does not state with reasonable particularity the topics on which Defendants seek testimony as required by Rule 30(b)(6). In particular, the research, development, trials, and experimentation proposed or conducted by or for Plaintiffs and/or RPR regarding the inventions claimed in the patents-in-suit and regarding the use of cabazitaxel to treat hormone-refractory prostate cancer involve the work of hundreds, if not,

thousands of employees, spanning for about 20 years.  Plaintiffs further object to this Topic to the extent it is duplicative of at least Topic No. 1.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate Dr. Hervé Bouchard to testify as to discoverable, non-privileged information regarding the research and development leading up to the filing of the '170 patent. Plaintiffs will designate Dr. Sunil Gupta to testify as to discoverable, non-privileged information regarding the research and development leading up to the filing of the '592 patent.  Plaintiffs will designate one or more witnesses to testify regarding the research and development leading up to the filing of the '907 patent.

**TOPIC NO. 3**:

The preparation, filing, and prosecution of the patents-in-suit, including identification of persons and other entities involved during such prosecution and the earliest claimed priority date for each asserted claim of the patents-in-suit.

**RESPONSE AND OBJECTION TO TOPIC NO. 3**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because for example it encompasses the entire prosecution history of the patents-in-suit.  Plaintiffs further object to this Topic to the extent it seeks information that is protected under the attorney-client privilege and/or work product immunity or any other privilege or immunity.  Plaintiffs further object to this Topic to the extent it is duplicative of at least Topic Nos. 1 and 2.

In view of the foregoing General and Specific Objections, Plaintiffs will not produce a witness to testify on this Topic.  Plaintiffs will, however, consider a narrower topic directed to specific aspects of the prosecution.

**TOPIC NO. 4**:

All facts relating to the research, development, formulation, testing, experiments, or studies of any composition containing cabazitaxel or docetaxel or any process for preparing taxoids, and all facts relating to the Examples, Tables, and Figures set forth in the patents-in-suit, including, but not limited to, notebooks, workbooks, investigations, summaries, meeting notes or minutes, reports, presentations, evaluations, analyses, protocols, experimental conditions, equipment conditions, lab notebooks, test data, analytical data, and results or conclusions reached from such tests or studies, and the identity of all those involved and their respective roles.

**RESPONSE AND OBJECTION TO TOPIC NO. 4**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because for example it relates to "the research, development, formulation, testing, experiments, or studies of *any* composition containing cabazitaxel or docetaxel or *any* process for preparing taxoids."  Plaintiffs further object to this Topic to the extent it is duplicative of at least Topic Nos. 1 and 2.

In view of the foregoing General and Specific Objections, Plaintiffs will not produce a witness to testify on this Topic.  Plaintiffs will, however, consider designating a witness if Defendants provide a narrower scope for this Topic.  *See also*, Responses to Topic Nos. 1 and 2.

**TOPIC NO. 5**:

        The first synthesis of cabazitaxel, including, but not limited to, all persons involved in the synthesis whether employed by Plaintiffs or third parties, the date(s) the synthesis was started and completed, the facts surrounding the decision to make it, the process used to synthesize it, and the identity of all those involved and their respective roles.

**RESPONSE AND OBJECTION TO TOPIC NO. 5**:

        Subject to and without waiver of the foregoing General Objections, Plaintiffs will designate Dr. Hervé Bouchard to testify regarding this Topic.

**TOPIC NO. 6**:

        Plaintiffs' corporate structure, the relationship between Aventis, Sanofi, Sanofi U.S., RPR, and the Named Inventors, and all agreements between and among the Plaintiffs and/or RPR and the Named Inventors concerning the patents-in-suit, including but not limited to, those relating to litigation assistance, testimony, or patenting.

**RESPONSE AND OBJECTION TO TOPIC NO. 6**:

        In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic as duplicative of discovery requests served by Defendants and as best addressed by document discovery.  Plaintiffs further object to this Topic to the extent it seeks information that is protected under the attorney-client privilege and/or work product immunity or any other privilege or immunity.

        Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 7**:

The ownership of the patents-in-suit and any transfer, grant, conveyance, assignment, license, attempt to license, offer to license, or other agreements relating to any interest or right to the patents-in-suit and any product embodying any claim of the patents-in-suit.

**RESPONSE AND OBJECTION TO TOPIC NO. 7**:

Subject to and without waiver of the foregoing General Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 8**:

All communications between Plaintiffs, RPR, and/or any third party concerning any of the patents-in-suit, the infringement, validity or enforceability of those patents, or any other issue in this litigation.

**RESPONSE AND OBJECTION TO TOPIC NO. 8**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic as overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Topic to the extent it seeks information that is protected under the attorney-client privilege and/or work product immunity or any other privilege or immunity.

In view of the foregoing General and Specific Objections, Plaintiffs will not produce a witness to testify on this Topic. Plaintiffs will, however, consider designating a witness if Defendants provide a narrower scope for this Topic.

**TOPIC NO. 9**:

        The experimental work of the Named Inventors and any person working with them with respect to cabazitaxel, processes for preparing taxoids, any solvate form of cabazitaxel, the development of new taxoids, or hormone-refractory prostate cancer treatments, including all communications between Plaintiffs or RPR and Hervé Bouchard, Jean-Dominique Bourzat, Alain Commerçon, Eric Didier, Marc-Antoine Perrin, Sunil Gupta, or any person working with them with respect to cabazitaxel, any solvate form of cabazitaxel, the development of new taxoids, or cancer treatments.

**RESPONSE AND OBJECTION TO TOPIC NO. 9**:

        In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate Dr. Hervé Bouchard to testify as to discoverable, non-privileged information regarding the research and development leading up to the filing of the '170 patent. Plaintiffs will designate Dr. Sunil Gupta to testify as to discoverable, non-privileged information regarding the research and development leading up to the filing of the '592 patent. Plaintiffs will designate one or more witnesses to testify regarding the research and development leading up to the filing of the '907 patent.

**TOPIC NO. 10**:

        The contributions of Jean-Dominique Bourzat to the patents-in-suit, including but not limited to his contributions to conception and reduction to practice, his role in the group

working on the research and development of cabazitaxel, his role, if any, on the research and development of docetaxel, and all facts related to his notebooks, workbooks, investigations, summaries, meeting notes or minutes, reports, presentations, evaluations, analyses, protocols, experimental conditions, equipment conditions, lab notebooks, test data, analytical data, and results or conclusions reached from such tests or studies.

**RESPONSE AND OBJECTION TO TOPIC NO. 10**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence as it pertains to the research and development of docetaxel.  Plaintiffs further object to this Topic to the extent it is duplicative of at least Topic No. 1.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate Dr. Hervé Bouchard to testify as to discoverable, non-privileged information regarding this Topic.

**TOPIC NO. 11**:

The processes for preparing taxoids that existed before the alleged inventions claimed in the '170 patent, and any advantages or disadvantages of the processes for making taxoids claimed in the '170 patent as compared to the processes for making taxoids that existed before the alleged inventions claimed in the '170 patent.

**RESPONSE AND OBJECTION TO TOPIC NO. 11**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to

14

the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Topic as seeking expert testimony from a fact witness.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate Dr. Hervé Bouchard to testify as to discoverable, non-privileged information regarding this Topic.

**TOPIC NO. 12**:

All communications to third parties by RPR, Plaintiffs, and/or the Named Inventors regarding RPR and/or Plaintiffs' phase III clinical trials for a cabazitaxel drug product.

**RESPONSE AND OBJECTION TO TOPIC NO. 12**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence as it pertains to "*[a]ll* communications . . .  regarding . . . phase III clinical trials for *a* cabazitaxel drug product."

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate Dr. Sunil Gupta to testify regarding this Topic.

**TOPIC NO. 13**:

The preparation, filing, and contents of any NDA or IND relating to cabazitaxel or JEVTANA® and any communications, amendments, or supplements related thereto, including any correspondence either between Plaintiffs, RPR, and/or the FDA regarding NDA No. 201023, cabazitaxel, JEVTANA®, Defendants' ANDAs, Defendants' NDAs, or any citizen petition relating to cabazitaxel.

**RESPONSE AND OBJECTION TO TOPIC NO. 13**:

   In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence as it pertains to "_any_ NDA or IND relating to cabazitaxel or JEVTANA® and _any_ communications, amendments, or supplements related thereto," and "_any_ citizen petition relating to cabazitaxel."  Plaintiffs further object to this Topic on the grounds that it is overly broad because it does not state with reasonable particularity the topics on which Defendants seek testimony as required by Rule 30(b)(6).  Moreover, Plaintiffs have no information regarding Defendants' ANDA and/or NDA beyond that provided in Defendants' notice letters and will not designate a witness on that portion of this Topic.

   Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate Dr. Sunil Gupta to testify regarding this Topic.

**TOPIC NO. 14**:

   Plaintiffs' knowledge of docetaxel and the use of docetaxel for the treatment of prostate cancer, and Plaintiffs' reliance on docetaxel for the research and development of cabazitaxel, including the development of cabazitaxel for use in the treatment of prostate cancer, the preclinical and clinical testing of cabazitaxel, and the preparation and filing and contents of any NDA or IND relating to cabazitaxel or JEVTANA®.

**RESPONSE AND OBJECTION TO TOPIC NO. 14**:

   In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably

calculated to lead to the discovery of admissible evidence as it pertains to "*any* NDA or NDA relating to cabazitaxel or JEVTANA®."

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate Dr. Sunil Gupta to testify as to the clinical testing of cabazitaxel as it relates to this Topic.  Plaintiffs will designate one or more witnesses to testify as to the preclinical testing of cabazitaxel as it relates to this Topic.

**TOPIC NO. 15**:

All facts relating to any and all comparisons of the respective properties of cabazitaxel and docetaxel, including but not limited to, chemical polymorphism, physical chemical properties, feasibility of chemical synthesis, clinical efficacy, pharmacodynamics, pharmacokinetics, *in vitro* potency, *in vitro* or *in vivo* metabolic properties, and toxicity, actual or potential, in humans or other mammalian species.

**RESPONSE AND OBJECTION TO TOPIC NO. 15**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to this Topic on the grounds that it is overly broad because it does not state with reasonable particularity the topics on which Defendants seek testimony as required by Rule 30(b)(6).

In view of the foregoing General and Specific Objections, Plaintiffs will not produce a witness to testify on this Topic, other than Dr. Sunil Gupta regarding the differences in the clinical use of docetaxel and cabazitaxel.  Plaintiffs will, however, consider designating additional witnesses if Defendants provide a narrower scope for this Topic.

**TOPIC NO. 16**:

   The basis for and evidence of any and all secondary considerations or objective indicia of non-obviousness of the patents-in-suit, including commercial success, unexpected results, skepticism, praise, long-felt need, failure of others, the relevant market for JEVTANA®, the process(es) used to make the cabazitaxel incorporated in JEVTANA®, teaching away, and any nexus between the claims of the patents-in-suit and any secondary considerations relied on by Plaintiffs.

**RESPONSE AND OBJECTION TO TOPIC NO. 16**:

   In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic as improperly seeking Plaintiffs' legal contentions.  Plaintiffs further object to this Topic as seeking expert testimony from a fact witness.

   Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 17**:

   The commercialization, promotion, marketing, and sale of JEVTANA®, including but not limited to, advertising, promotion, target markets, market penetration, launch plans, business plans, marketing plans and strategies, sales and profits, and the impact of such marketing and advertising efforts.

**RESPONSE AND OBJECTION TO TOPIC NO. 17**:

   In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence to the extent it pertains to the

marketing and sale of Jevtana® outside the United States or profits.  Plaintiffs are not relying on profits to prove commercial success.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 18**:

The resources, including monetary costs and expenses, Plaintiffs have spent advertising, marketing, and/or promoting JEVTANA® and Plaintiffs' pricing policies for JEVTANA®, including discounts, rebates, samples, coupons, and special pricing promotions.

**RESPONSE AND OBJECTION TO TOPIC NO. 18**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence to the extent it pertains to the marketing and sale of Jevtana® outside the United States.  Plaintiffs further object to this Topic to the extent it is duplicative of at least Topic No. 17.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 19**:

Actual and projected unit sales, gross and net sales, profits, losses, and costs (including research and development, selling and marketing expenses, general and administrative expenses, and expenses relating to FDA approval process) for any product embodying the claimed subject matter of the patents-in-suit or sold under the trade name JEVTANA®, including

market and financial analyses that consider entry of any generic cabazitaxel injection, including an unbranded or authorized generic version of JEVTANA®.

**RESPONSE AND OBJECTION TO TOPIC NO. 19**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and to the extent that it seeks information that is not relevant to any claim/defense and not reasonably calculated to lead to the discovery of admissible evidence. In particular, Plaintiffs are not relying on profits to prove commercial success. Plaintiffs further object to this Topic to the extent it is duplicative of at least Topic Nos. 17 and 18.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 20**:

Comparison studies conducted by Aventis, Sanofi, Sanofi U.S., RPR, the Named Inventors, and/or third parties of the chemical, biological, pharmacokinetic, chemical stability properties, physical stability properties, pharmacodynamics properties, and/or therapeutic properties of the subject matter of the patents-in-suit and/or of JEVTANA® with any prior art.

**RESPONSE AND OBJECTION TO TOPIC NO. 20**:

In addition to the above General Objections, which are incorporated herein, Plaintiffs object to this Topic as overly broad because it does not state with reasonable particularity the topics on which Plaintiffs seek testimony as required by Rule 30(b)(6). Plaintiffs further object to this Topic to the extent it is duplicative of at least Topic No. 15.

Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 21**:

All studies conducted on the co-administration of cabazitaxel and docetaxel and any potential adverse events or advantages by the co-administration of cabazitaxel and docetaxel.

**RESPONSE AND OBJECTION TO TOPIC NO. 21**:

As presently advised, Plaintiffs are not aware of any studies conducted on the co-administration of cabazitaxel and docetaxel.

In view of the foregoing General and Specific Objections, Plaintiffs will not produce a witness to testify on this Topic.

**TOPIC NO. 22**:

The percentage of patients who take JEVTANA® in combination with a corticoid versus taking JEVTANA® alone and the percentage of patients who receive prescriptions for both JEVTANA® and a corticoid versus those patients who receive prescriptions for JEVTANA® without a prescription for a corticoid.

**RESPONSE AND OBJECTION TO TOPIC NO. 22**:

Subject to and without waiver of the foregoing General Objections, Plaintiffs will designate Dr. Sunil Gupta to testify regarding this Topic.

**TOPIC NO. 23**:

The physical structure and chemical and physical properties of cabazitaxel acetone solvate claimed in the '907 patent, including the percentage by weight of acetone in the cabazitaxel acetone solvate claimed in claims 1 and 2 of the '907 patent, and all analytical techniques used to determine that percentage, including without limitation, XRPD and NMR.

**RESPONSE AND OBJECTION TO TOPIC NO. 23**:

Subject to and without waiver of the foregoing General Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 24**:

The factual basis for all statements, assertions, examples, figures, diagrams, patterns, spectra, data, and test results disclosed in the '907 patent, including the Drying Study set forth in column 3, lines 5-19, and including the statement in column 2, lines 37-39.

**RESPONSE AND OBJECTION TO TOPIC NO. 24**:

Subject to and without waiver of the foregoing General Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

**TOPIC NO. 25**:

The 2000 Report, the 2010 Report, and the Polymorphism Study, including without limitation, the XRPD patterns set forth on the pages with Bates number SA_JEV_0461999 and SA_JEV_0242454, and including the statement set forth on the page with Bates number SA_JEV_0072337 that "form B, the desolvated acetone solvate, is not isomorphic to the acetone solvate."

**RESPONSE AND OBJECTION TO TOPIC NO. 25**:

Subject to and without waiver of the foregoing General Objections, Plaintiffs will designate one or more witnesses to testify regarding this Topic.

April 28, 2016

Respectfully submitted,


By: /s/ Jason A. Leonard

Liza M. Walsh, Esq.
Tricia B. O'Reilly, Esq.
Katelyn O'Reilly, Esq.
**CONNELL FOLEY LLP**
One Newark Center
1085 Raymond Boulevard, 19th Floor
Newark, New Jersey 07102
(973) 757-1100
*(In Civil Action Nos. 14-7869, 14-8079, 14-8081, 14-8082, 15-287, 15-290, 15-1835, 15-2520, 15-2521, 15-2522, 15-2523, 15-2631, 15-3392)*

Charles M. Lizza, Esq.
William C. Baton, Esq.
**SAUL EWING LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6715
*(In Civil Action Nos. 15-776, 15-3107)*

Of Counsel:

William E. Solander, Esq.
Jason A. Leonard, Esq.
**FITZPATRICK, CELLA, HARPER & SCINTO**
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

*Attorneys for Plaintiffs*,
SANOFI-AVENTIS U.S. LLC, AVENTIS
PHARMA S.A., and SANOFI

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2016, true and correct copies of PLAINTIFFS'

RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF 30(b)(6) DEPOSITION

were caused to be served upon the following in the manner indicated.


Michael E. Patunas, Esq.                                      *VIA ELECTRONIC MAIL*
Mayra V. Tarantino, Esq.
**PATUNAS TARANTINO, LLC**
24 Commerce Street, Suite 606
Newark, NJ 07102
Tel: (973) 396-8740
Email: mpatunas@patunaslaw.com
       mtarantino@patunaslaw.com


Daryl L. Wiesen, Esq. (*pro hac vice*)                        *VIA ELECTRONIC MAIL*
Eric T. Romeo, Esq. (*pro hac vice*)
**GOODWIN PROCTER LLP**
53 State Street
Exchange Place
Boston, MA 02109
Tel: (617) 570-1000
Email: dwiesen@goodwinprocter.com
       eromeo@goodwinprocter.com


John P. Hanish, Esq. (*pro hac vice*)                         *VIA FIRST CLASS MAIL AND*
Brian J. Prew, Esq. (*pro hac vice*)
Aviv Zalcenstein, Esq. (*pro hac vice*)                       *ELECTRONIC MAIL*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Email: jhanish@goodwinprocter.com
       bprew@goodwinprocter.com
       azalcenstein@goodwinprocter.com

*Attorneys for Defendant,*
Fresenius Kabi USA, LLC

Lisa J. Rodriguez, Esq.                          *VIA ELECTRONIC MAIL*
**SCHNADER HARRISON SEGAL &**
**LEWIS LLP**
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200,
Cherry Hill, NJ 08002-1165
Tel: (856) 482-5741
Email: ljrodriguez@schnader.com


Imron T. Aly, Esq.                               *VIA FIRST CLASS MAIL AND*
Helen H. Ji, Esq.
**SCHIFF HARDIN LLP**                            *ELECTRONIC MAIL*
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
Tel: (312) 258-5500
Email: ialy@schiffhardin.com
        hji@schiffhardin.com


Gina M. Bassi, Esq.                              *VIA ELECTRONIC MAIL*
**SCHIFF HARDIN LLP**
666 Fifth Avenue, Suite 1700
New York, NY 10103
Tel: (212) 745-9545
Email: gbassi@schiffhardin.com


John K. Hsu, Esq.                                *VIA ELECTRONIC MAIL*
**SCHIFF HARDIN LLP**
901 K Street NW, Suite 700
Washington, DC 20001
Tel: (212) 745-9545
Email: jhsu@schiffhardin.com


*Attorneys for Defendant,*
Accord Healthcare, Inc.

Christopher S. Casieri, Esq.  VIA ELECTRONIC MAIL
Gabriela Materassi, Esq.
**MCNEELY HARE & WAR, LLP**
12 Roszel Road, Suite C104
Princeton, NJ 08540
Tel: (609) 731-3668
Email: chris@miplaw.com
        materassi@miplaw.com


William D. Hare, Esq.  VIA FIRST CLASS MAIL AND
**MCNEELY HARE & WAR, LLP**
5335 Wisconsin Avenue, NW, Suite 440  ELECTRONIC MAIL
Washington, DC 20015
Tel: (202) 640-1801
Email: bill@miplaw.com


*Attorneys for Defendants,*
BPI Labs, LLC and Belcher
Pharmaceuticals, LLC

Eric I. Abraham, Esq.                            *VIA ELECTRONIC MAIL*
Christina L. Saveriano, Esq.
**HILL WALLACK, LLP**
202 Carnegie Center
Princeton, NJ 08543
Tel: (609) 734-6358
Email: eia@hillwallack.com
      csaveriano@hillwallack.com


Andrew M. Alul, Esq.                             *VIA FIRST CLASS MAIL AND*
Roger J. Kiley, Esq.
**TAFT STETTINIUS & HOLLISTER**                  *ELECTRONIC MAIL*
**LLP**
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
Tel: (312) 527-4000
Email: aalul@taftlaw.com
      rkiley@taftlaw.com


*Attorneys for Defendants,*
Apotex Corp. and Apotex Inc.

Robert J. Fettweis, Esq.                           *VIA ELECTRONIC MAIL*
**TRESSLER LLP**
744 Broad Street, Suite 1510
Newark, NJ 07102
Tel: (973) 848-2900
Email: rfettweis@tresslerllp.com


C. Kyle Musgrove, Esq.                             *VIA FIRST CLASS MAIL AND*
John W. Bateman, Esq.
Yongjin Zhu, Esq.                                  *ELECTRONIC MAIL*
**HAYNES AND BOONE, LLP**
800 17th Street, NW, Suite 500
Washington, DC 20006
Tel: (202) 654-4500
Email: kyle.musgrove@haynesboone.com
          John.Bateman@haynesboone.com
          yongjin.zhu@haynesboone.com


Michael R. Ertel, Esq.                             *VIA ELECTRONIC MAIL*
**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Tel: (212) 659-7300
Email: michael.ertel@haynesboone.com


Robert F. Vroom, Esq.                              *VIA ELECTRONIC MAIL*
**BRECKENRIDGE**
**PHARMACEUTICAL, INC.**
60 E. 42nd Street, Suite 5210
New York, NY 10165
Tel: (646) 448-1309
Email: rvroom@bpirx.com


*Attorneys for Defendant,*
Breckenridge Pharmaceutical, Inc.

Arnold B. Calmann, Esq.                     *VIA ELECTRONIC MAIL*
Jeffrey S. Soos, Esq.
Geri L. Albin, Esq.
**SAIBER LLC**
One Gateway Center,
10th Floor, Suite 1000
Newark, NJ 07102
Tel: (973) 622-3333
Email: abc@saiber.com
      jsoos@saiber.com
      galbin@saiber.com


Matthew R. Reed, Esq.                       *VIA FIRST CLASS MAIL AND*
**WILSON SONSINI GOODRICH &**
**ROSATI**                                  *ELECTRONIC MAIL*
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
Email: mreed@wsgr.com


Wendy L. Devine, Esq.                       *VIA ELECTRONIC MAIL*
Clark Y. Lin. Esq.
**WILSON SONSINI GOODRICH &**
**ROSATI**
12235 El Camino Real, Suite 200
San Diego, CA 92130
Tel: (858) 350-2300
Email: wdevine@wsgr.com
      clin@wsgr.com


S. Brei Gussack, Esq.                       *VIA ELECTRONIC MAIL*
**WILSON SONSINI GOODRICH &**
**ROSATI**
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Tel: (202) 973-8800
Email: bgussack@wsgr.com


*Attorneys for Defendant,*
Mylan Laboratories Ltd.

6

Gregory J. Bevelock, Esq.
**LAW OFFICE OF GREGORY J.
BEVELOCK, LLC**
12 Main Street, Suite 2
Madison, NJ 07940
Tel: (973) 845-2999
Email: gbevelock@bevelocklaw.com

*VIA ELECTRONIC MAIL*

Michael W. Johnson, Esq.
Thomas J. Meloro, Esq.
**WILLKIE FARR & GALLAGHER LLC**
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8137
Email: mjohnson1@willkie.com
        tmeloro@willkie.com

*VIA FIRST CLASS MAIL AND*

*ELECTRONIC MAIL*

*Attorneys for Defendant,*
Actavis LLC

Frank D. Rodriguez, Esq.
Min Yang, Esq.
Dmitry Shelhoff, Esq.
**BUDD LARNER P.C.**
150 John F. Kennedy Parkway
Short Hills, NJ 07078-2703
Tel: (973) 379-4800
Email: frodriguez@buddlarner.com
        myang@buddlarner.com
        dshelhoff@buddlarner.com

*VIA FIRST CLASS MAIL AND*

*ELECTRONIC MAIL*

*Attorneys for Defendants,*
Dr. Reddy's Laboratories, Inc. and Dr.
Reddy's Laboratories, Ltd.

Gregory D. Miller, Esq.
Nancy A. Del Pizzo, Esq.
**RIVKIN RADLER LLP**
21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
Tel: (201) 287-2460
Email: gregory.miller@rivkin.com
        nancy.delpizzo@rivkin.com

*VIA ELECTRONIC MAIL*

Jeffer Ali, Esq. (*pro hac vice*)
Jennell C. Bilek, Esq. (*pro hac vice*)
**CARLSON, CASPERS, VANDENBURGH,
LINDQUIST & SCHUMAN**
Capella Tower
225 South Sixth Street
Suite 4200
Minneapolis, MN 55402
Tel: (612) 436-9600
Email: jali@carlsoncaspers.com
        jbilek@carlsoncaspers.com

*VIA FIRST CLASS MAIL AND*

*ELECTRONIC MAIL*

*Attorneys for Defendants,*
Glenmark Pharmaceuticals, Inc. USA and
Glenmark Pharmaceuticals Ltd.

8

Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC and<br>SANOFI MATURE IP, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 20-804 (RGA) |
| v. | ) | CONSOLIDATED |
| | ) | |
| ACTAVIS LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANTS' NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFFS SANOFI-AVENTIS U.S. LLC AND SANOFI MATURE IP

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, Defendants Actavis LLC; Apotex Corp. and Apotex Inc.; Breckenridge

Pharmaceutical, Inc.; Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd.;

Fresenius Kabi USA, LLC; Mylan Laboratories Ltd.; and Sandoz Inc. (collectively,

"Defendants"), by and through their attorneys, hereby give notice of Defendants' intention to

take the deposition upon oral examination of Plaintiffs Sanofi-Aventis U.S. LLC ("Sanofi

U.S.") and Sanofi Mature IP (collectively, "Plaintiffs") on a date and at a location to be

mutually agreed upon by the parties, continuing from day to day until completed.  The

deposition will be recorded by stenographic means, and will be videotaped.

Pursuant to Rule 30(b)(6), Sanofi is required to designate one or more knowledgeable

persons to testify on its behalf with respect to the matters set forth in Schedule A (attached

hereto).  The person(s) so designated shall be required to testify as to those matters known or

reasonably available to Plaintiffs.  Separately for each deposition topic identified below, no

later than 14 days prior to the deposition date, Plaintiffs shall identify in writing to Defendants

the person(s) who will testify on their behalf, specifying the matters as to which each person

will testify.

Dated:  September 24, 2020

SHAW KELLER LLP

*/s/ Karen E. Keller*

OF COUNSEL:

Daryl L. Wiesen
Emily Rapalino
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
(617) 570-1000

Aviv Zalcenstein
Tiffany Mahmood
Joel Broussard
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY  10018
(212) 813-8800

John W. Shaw (#3362)
Karen E. Keller (#4489)
David M. Fry (#5486)
Nathan R. Hoeschen (36232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendant Actavis LLC*

PHILLIPS, MCLAUGHLIN, & HALL, P.A.

*/s/ Megan C. Haney*

_____

John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

OF COUNSEL:

Andrew M. Alul
Richard R. Ruzich
Stephen R. Auten
Roshan P. Shrestha
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601-3713
(312) 527-4000

Derek B. Lavender
TAFT STETTINIUS & HOLLISTER LLP
1 Indiana Square
Indianapolis, IN 46204
(317) 713-3500

*Attorneys for Defendants Apotex Corp. and
Apotex Inc.*

RICHARDS LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*

_____

Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

OF COUNSEL:

C. Kyle Musgrove
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
(704) 372-9000

Elizabeth M. Crompton
John W. Bateman
PARKER POE ADAMS & BERNSTEIN LLP
1400 K Street NW, Suite 1000
Washington, DC 20005
(202) 434-9100

Bruce D. DeRenzi
BRECKENRIDGE PHARMACEUTICAL, INC.
15 Massirio Drive, Suite 201
Berlin, CT 06037
(646) 448-1308

*Attorneys for Defendant Breckenridge
Pharmaceutical, Inc.*

Defendants' Notice of 30(b)(6) Deposition of Plaintiffs

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Eve H. Ormerod*

OF COUNSEL:

James P. Barabas
Frank D. Rodriguez
WINDELS MARX LANE & MITTENDORF,
LLP
One Giralda Farms, Suite 100
Madison, NJ 07940
(973) 966-3200

Neal C. Belgam (#2721)
Eve H. Ormerod (#5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Dr. Reddy's Laboratories, Inc. and
Dr. Reddy's Laboratories, Ltd.*

POTTER ANDERSON & CORROON LLP

*/s/ Bindu A. Palapura*

OF COUNSEL:

Matthew R. Reed
G. Edward Powell, III
WILSON SONSINI GOODRICH AND ROSATI
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Wendy Lynn Devine
Kristina M. Hanson
WILSON SONSINI GOODRICH AND ROSATI
One Market Plaza
Spear Tower, Suite 300
San Francisco, CA 94105
(415) 947-2000

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Tracey E. Timlin (#6469)
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
ttimlin@potteranderson.com

*Attorneys for Defendant Mylan Laboratories
Limited*

OF COUNSEL:

Daryl L. Wiesen
Emily Rapalino
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Aviv Zalcenstein
Tiffany Mahmood
Joel Broussard
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

6880730

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7311
dgattuso@hegh.law

*Attorneys for Defendants Sandoz Inc. and
Fresenius Kabi USA, LLC*

# SCHEDULE A

## INSTRUCTIONS AND DEFINITIONS

1.      "All" shall be construed as all and each, and the term "each" shall be construed as all and each.

2.      "Sanofi U.S." means the plaintiff Sanofi-Aventis U.S. LLC and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3.      "Sanofi Mature IP" means the plaintiff Sanofi Mature IP and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4.      "RPR" means Rhône-Poulenc Rorer S.A. and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, partners, affiliates, and all other persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

5.      "Plaintiffs," "you," and "your" means Sanofi U.S. or Sanofi Mature IP.

6.      "Defendant" or "Defendants," as used herein, refers to and includes any one, any combination, or all of Fresenius Kabi USA, LLC, Breckenridge Pharmaceutical, Inc., Apotex

Corp., Apotex Inc., Mylan Laboratories Ltd., Actavis LLC, Dr. Reddy's Laboratories, Inc., Dr. Reddy's Laboratories, Ltd., and Sandoz Inc.

7.      The terms "third party" and "third parties" refer to any natural person or any business, legal and/or governmental entity, and/or association other than Plaintiffs or Defendants.

8.      "FDA" means the United States Food and Drug Administration, including but not limited to any officers, employees, units, departments, or centers that comprise it.

9.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34, and specifically includes documents (such as email, word processing files, and other computerized data) that may exist only in electronic form.  A draft or non-identical copy is a separate document within the meaning of this term.

10.      The terms "communicate" or "communication" means every contact of any nature, whether oral or written, from one person to another, and any evidence of such contact, including without limitation any correspondence, memoranda, notes, diaries, daily calendars, electronic mail messages, voicemail messages, "instant messages," computer files, electronic or magnetic media, or other documents containing such contacts.

11.      The terms "refer or relate to" and "concerning" mean regarding, referring to, relating to, reflecting, discussing, describing, embodying, mentioning, showing, commenting on, evidencing, comprising, constituting, or summarizing.

12.      The term "person" means any natural person or any business, legal, or governmental entity or association and the officers, directors, employees, agents, and attorneys thereof.

13.      The term "the '110 patent" means United States Patent No. 10,583,110.

14.     The term "the '777 patent" means United States Patent No. 10,716,777.

15.     The term "patents-in-suit" means the '110 patent and the '777 patent, both collectively and individually, and any other United States patents asserted by Plaintiffs against Defendants in this action.

16.     The term "Instant Litigation" means any litigation, whether in the United States or outside the United States, between Plaintiffs and any of the Defendants relating to the patents-in-suit or any foreign counterparts of the patents-in-suit, including but not limited to Sanofi-Aventis U.S. LLC et al. v. Actavis LLC et al., No. 1:20-cv-00804-RGA.

17.     The term "Prior New Jersey Litigation" means any or all of Sanofi-Aventis U.S. LLC et al. v. Fresenius Kabi USA, LLC, No. 3:14-cv-07869-MAS-LHG, 3:14-cv-08082-MAS-LHG, 3:15-cv-02631-MAS-LHG; Sanofi-Aventis U.S. LLC et al. v. Accord Healthcare, Inc., No. 3:14-cv-08079-MAS-LHG, 3:15-cv-02520-MAS-LHG; Sanofi-Aventis U.S. LLC et al. v. Actavis LLC, No. 3:15-cv-00766-MAS-LHG, 3:15-cv-03107-MAS-LHG; Sanofi-Aventis U.S. LLC et al. v. Apotex Corp. et al., No. 3:15-cv-00287-MAS-LHG, 3:15-cv-01835-MAS-LHG; Sanofi-Aventis U.S. LLC et al. v. BPI Labs, LLC et al., LLC, No. 3:14-cv-08081-MAS-LHG, 3:15-cv-02521-MAS-LHG; Sanofi-Aventis U.S. LLC et al. v. Breckenridge Pharmaceutical, Inc., No. 3:15-cv-00289-MASLHG, 3:15-cv-01836-MAS-LHG; Sanofi-Aventis U.S. LLC et al. v. Mylan Laboratories Ltd., No. 3:15-cv-00290-MAS-LHG, 3:15-cv-03392-MAS-LHG; Sanofi-Aventis U.S. LLC et al. v. Dr. Reddy's Labs., Inc. et al., 3:15-cv-02522-MAS-LHG; Sanofi-Aventis U.S. LLC et al. v. Glenmark Pharms., Inc., USA et al., 3:15-cv-02523-MAS-LHG.

18. The terms "taxol derivative(s)," "taxoid(s)," or "taxoid compound(s)" refer to one or more chemical compounds having a chemical structure that is the same or similar to that of taxol (paclitaxel). Taxol has the following structure:



19. The term "cabazitaxel" means the taxoid compound with the following structure:



20. The term "JEVTANA®" means the pharmaceutical composition that includes cabazitaxel as the active pharmaceutical ingredient described in Plaintiffs' New Drug Application No. 201023 and marketed and sold by Plaintiffs in the United States under the trademark JEVTANA® KIT.

21. The term "Prior Art" means any and all information, documents, patents, printed publications, sales, actions, or anything else that qualifies as prior art under 35 U.S.C. § 102 or under 35 U.S.C. § 103 (prior to the AIA amendments).

22. The term "Defendants' NDAs" means collectively or individually New Drug Application Nos. 207937 ("Fresenius's NDA"), 208715 ("Sandoz's NDA"), and 207970 ("Actavis's NDA").

23. The term "Defendants' ANDAs" means collectively or individually Abbreviated New Drug Application Nos. 207591 ("Fresenius's ANDA"), 207736 ("Apotex's ANDA"), 207619 ("Breckenridge's ANDA"), 207381 ("Mylan's ANDA"), and 207718 ("DRL's ANDA").

24. The term "Named Inventor" means each of the individual inventors named on the face of the Patents-in-Suit.

25. The term "PTO," as used herein, refers to and includes the United States Patent and Trademark Office.

26. The term "foreign counterpart" means any non-United States patent or patent application that directly or indirectly claims priority to the Patents-in-Suit.

27. The term "test," "tested," or "testing," as used herein, refers to and includes subjecting to any measurement, observation, or analysis and/or results, data, output, charts or interpretation thereof performed by or on behalf of Plaintiffs, whether completed or not, and shall be construed to include all protocols, procedures or methods therefore. Concerning any "tests" or "testing" done in full or in part by any scientific instrument, including without limitation, spectroscopy, chromatography, x-ray crystallography, x-ray power diffraction, single crystal x-ray diffraction, thermogravimetric analysis, differential thermal analysis, differential scanning calorimetry, melting point analysis, electron microscopy, infrared spectroscopy, NMR spectroscopy, Raman spectroscopy or mass spectrometry shall be construed to include all protocols, procedures, or methods used in maintaining and operating the instrument, procedures

or methods used in maintaining and operating the instrument, the conditions under which the testing was performed, all data or information input to the instrument for conducting the test or tests, all output, whether in hardcopy or in the form of computer or digital files, including, without limitation, all data, files, CD or DVD discs, floppy discs, graphs, charts, pictures, photographs, or spectra and all interpretation or subsequent analysis of the data obtained or inferred through such testing including, without limitation, all such subsequent data interpretation done, in full or in part by means or with the assistance of any computer or computer program or software.

28. When referring to a person, the term "identify" means to give, to the extent known, the person's full name, present or last known address, and, additionally, the present or last known place of employment.

29. "And" and "or" each shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

30. The use of the singular form of any word includes the plural and vice versa.

31. Except when express reference is made to another paragraph, each paragraph herein should be construed independently and not by reference to any other paragraph herein for purpose of limitation.

## DEPOSITION TOPICS

1. The conception and reduction to practice of the alleged inventions claimed in the patents-in-suit, including, without limitation, the dates and circumstances leading to the conception and reduction to practice, the contribution of the Named Inventors to that conception

and reduction to practice, and the contribution of any other person materially involved in that conception or reduction to practice.

2.     All research, development, trials, and experimentation proposed or conducted by or for Plaintiffs and/or RPR regarding the alleged inventions claimed in the patents-in-suit, including research, development, trials, or experimentation proposed or conducted by or for Plaintiffs and/or RPR regarding the use of cabazitaxel to treat hormone-refractory prostate cancer, and the identity of all those involved and their respective roles.

3.     The TROPIC study including how it was conducted, persons involved, and confidentiality (or lack thereof) of the treatment protocol employed.

4.     The PROSELICA study including how it was conducted, persons involved, and timing and manner of data collection.

5.     The first public disclosure of the inventions of the patents-in-suit.

6.     The preparation, filing, and prosecution of the patents-in-suit, including identification of persons and other entities involved during such prosecution and the earliest claimed priority date for each asserted claim of the patents-in-suit.

7.     All facts relating to the Examples, Tables, and Figures set forth in the patents-in-suit, including, but not limited to, notebooks, workbooks, investigations, summaries, meeting notes or minutes, reports, presentations, evaluations, analyses, protocols, experimental conditions, equipment conditions, lab notebooks, test data, analytical data, and results or conclusions reached from such tests or studies, and the identity of all those involved and their respective roles.

8.     Plaintiffs' corporate structure, the relationship between Sanofi Mature IP, Sanofi U.S., RPR, and the Named Inventors, and all agreements between and among the Plaintiffs

and/or RPR and the Named Inventors concerning the patents-in-suit, including but not limited to, those relating to litigation assistance, testimony, or patenting.

9.      The ownership of the patents-in-suit and any transfer, grant, conveyance, assignment, license, attempt to license, offer to license, or other agreements relating to any interest or right to the patents-in-suit and any product embodying any claim of the patents-in-suit.

10.      All communications between Plaintiffs, RPR, and/or any third party concerning any of the patents-in-suit, the infringement, validity or enforceability of those patents, or any other issue in the Instant Litigation or the Prior New Jersey Litigation.

11.      The experimental work of the Named Inventors and any person working with them with respect to cabazitaxel including all communications between Plaintiffs or RPR and Sunil Gupta, or any person working with him with respect to cabazitaxel.

12.      All communications to third parties by RPR, Plaintiffs, and/or the Named Inventors regarding RPR and/or Plaintiffs' phase III clinical trials for a cabazitaxel drug product.

13.      The preparation, filing, and contents of any NDA or IND relating to cabazitaxel or JEVTANA® and any communications, amendments, or supplements related thereto, including any correspondence among Plaintiffs, RPR, and/or the FDA regarding NDA No. 201023, cabazitaxel, JEVTANA®, Defendants' ANDAs, Defendants' NDAs, or any citizen petition relating to cabazitaxel.

14.      All versions of the prescribing information for JEVTANA® and the contents thereof, including the Indications and Usage and Dosage and Administration sections and the clinical trial summaries set forth therein.

15.     The indications for which Sanofi has sought and/or secured FDA approval with respect to JEVTANA®, including JEVTANA®'s current FDA-approved indication.

16.     The basis for and evidence of any and all secondary considerations or objective indicia of non-obviousness of the patents-in-suit, including commercial success, unexpected results, skepticism, praise, long-felt need, failure of others, the relevant market for JEVTANA®, the process(es) used to make the cabazitaxel incorporated in JEVTANA®, teaching away, and any nexus between the claims of the patents-in-suit and any secondary considerations relied on by Plaintiffs.

17.     The commercialization, promotion, marketing, and sale of JEVTANA®, including but not limited to, advertising, promotion, target markets, market penetration, launch plans, business plans, marketing plans and strategies, sales and profits, and the impact of such marketing and advertising efforts.

18.     The resources, including monetary costs and expenses, Plaintiffs have spent advertising, marketing, and/or promoting JEVTANA® and Plaintiffs' pricing policies for JEVTANA®, including discounts, rebates, samples, coupons, and special pricing promotions.

19.     Actual and projected unit sales, gross and net sales, profits, losses, and costs (including research and development, selling and marketing expenses, general and administrative expenses, and expenses relating to FDA approval process) for any product embodying the claimed subject matter of the patents-in-suit or sold under the trade name JEVTANA®, including market and financial analyses that consider entry of any generic cabazitaxel injection, including an unbranded or authorized generic version of JEVTANA®.