IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S., LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 20-804-RGA |
| | : | Consolidated |
| ACTAVIS, LLC., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING MOTION TO REDACT**

Defendant Sandoz filed a motion to redact the transcript of the oral argument on Sandoz's motion to dismiss. (D.I. 212). It was accompanied by an Affidavit. (D.I. 213).

The gist of the underlying motion to dismiss is that Sandoz has lost its API supplier and that Sandoz will not be able to get a new API supplier soon and the accompanying regulatory process necessitated by getting a new API supplier will cause at least two years of delay. Sandoz now says this information is the sort of confidential business information that should be redacted from the transcript of oral argument on the motion. Sandoz also says some of its negotiations with Sanofi about the current and past disputes, such as the covenant not to sue in a New Jersey case, is also confidential business information that should be redacted.

The Court reviews the motion pursuant to Third Circuit law, which most recently is set forth in *In re Avandia Marketing*, 924 F.3d 662 (3d Cir. 2019).

The motion here is not a boilerplate motion, but the arguments are essentially generic. Sandoz is in a highly competitive industry. Suppliers of the API might drive a harder bargain knowing that Sandoz lost its current supplier. Sandoz's suppliers and competitors will learn

about Sandoz's negotiating strategies. I do not think these claims of harm meet the requirements of *Avandia*, 924 F.3d at 673 ("[S]pecificity is essential. . . . Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.").

I also note that the redactions cover the heart of Sandoz's argument for dismissal. It is not in the public interest to grant Sandoz the relief it requests. It is hard to make sense of the oral argument without knowing what it is based on.

Further, the offers and counteroffers for how to resolve the dispute in this case are clearly not the sort of information public knowledge of which will cause any specific identified harm to Sandoz.

The motion (D.I. 212) is **DENIED**[1] this 11th day of January 2021.

/s/ Richard G. Andrews  
United States District Judge

---

[1] I note the motion is unopposed. I do not take anything from that position.