**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC and<br>SANOFI MATURE IP,<br><br>     Plaintiffs,<br><br>  v.<br><br>APOTEX CORP., *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 20-804 (RGA)<br>) **CONSOLIDATED**<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' PARTIAL OBJECTION TO MAGISTRATE JUDGE HALL'S**
**JULY 8, 2022 REPORT AND RECOMMENDATION (D.I. 279)**

**TABLE OF CONTENTS**

TABLE OF ABBREVIATIONS ............................................................................................... iv
INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................... 1
FACTUAL BACKGROUND ...................................................................................................... 3
ARGUMENT ................................................................................................................................ 5
I.     LEGAL STANDARD ....................................................................................................... 5
     A.    Standard of Review ................................................................................................ 5
     B.    Fed. R. Civ. P. 12(b)(6) .......................................................................................... 5
     C.    Inducement ............................................................................................................. 5
II.    THIS COURT SHOULD DISMISS SANOFI'S '110 AND '777 PATENT
     INFRINGEMENT CLAIMS ............................................................................................. 6
     A.    Defendants Preserved Their Failure to State a Claim Defenses ............................ 6
     B.    The SAC Fails to Plausibly Allege that Defendants' Labels Will Encourage,
           Recommend, or Promote the Claimed Methods .................................................... 7
           1.    *Grunenthal* Forecloses Reliance on the Indications and Usage Section to
                Find Inducement ........................................................................................ 7
           2.    Data Summarized in the TROPIC Study Summary Is Insufficient to
                Support Sanofi's Inducement Claim as a Matter of Law ............................ 8
     C.    There Are No Disputed Facts Precluding Dismissal ........................................... 10
CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Amarin Pharma, Inc. v. Hikma Pharm. USA, Inc.*,
    C.A. No. 20-1630-RGA-JLH, 2022 WL 605734 (D. Del. Jan. 4, 2022) ................................ 6, 8

*Bayer Schering Pharma AG v. Lupin, Ltd.*,
    676 F.3d 1316 (Fed. Cir. 2012) ................................................................................................ 10

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) .................................................................................................. 5

*Ferring Pharms. Inc. v. Lupin Inc.*,
    Civil Action No. 1:19-cv-913-RGA, 2020 WL 3414750 (D. Del. June 22, 2020) .............. 6, 10

*Grunenthal GMBH v. Alkem Labs. Ltd.*,
    919 F.3d 1333 (Fed. Cir. 2019) ...................................................................................... 1, 2, 6, 8

*Horizon Therapeutics, Inc. v. Par. Pharm., Inc.*,
    Case No. 2:14-cv-384-JRG-RSP, 2015 WL 6165427 (E.D. Tex. Oct. 20, 2015) ...................... 8

*HZNP Meds. LLC v. Actavis Labs. UT, Inc.*,
    940 F.3d 680 (Fed. Cir. 2019) ........................................................................................ 5, 6, 10

*In re: Ciprodex*,
    Civil Action No. 15-cv-5756 (PGS)(DEA), 2017 WL 2784410 (D.N.J. June 27, 2017) ........... 8

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
    62 F. Supp. 3d 368 (D. Del. 2014) .............................................................................................. 5

*Mayer v. Belichick*,
    605 F.3d 223 (3d Cir. 2010) ....................................................................................................... 5

*Novartis Pharm. Corp. v. Actavis, Inc.*,
    Civil Action No. 12-366-RGA-CJB, 2013 WL 6142747 (D. Del. Nov. 21, 2013) .................... 8

*Sanofi-Aventis U.S. LLC v. Dr. Reddy's Labs., Inc.*,
    933 F.3d 1367 (Fed. Cir. 2019) .................................................................................................. 3

*Shire Viropharma Inc. v. CSL Behring LLC*,
    Civil Action No. 17-414-MSG, 2019 WL 266327 (D. Del. Jan. 18, 2019) ............................... 8

*Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*,
    785 F.3d 625 (Fed. Cir. 2015) ........................................................................................... passim

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009) .................................................................................................. 5

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003) ............................................................................................... 5, 9

**Statutes**

28 U.S.C. § 636(b)(1) ............................................................................................................... 5

35 U.S.C. §271(b) ..................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 4, 5

Fed. R. Civ. P. 72(b)(3) ............................................................................................................ 5

**TABLE OF ABBREVIATIONS**

| Abbreviation | Meaning |
|---|---|
| '110 patent | U.S. Patent No. 10,583,110 |
| '170 patent | U.S. Patent No. 5,847,170 |
| '592 patent | U.S. Patent No. 8,927,592 |
| '777 patent | U.S. Patent No. 10,716,777 |
| '907 patent | U.S. Patent No. 7,241,907 |
| ADHD | Attention deficit hyperactivity disorder |
| ANDA | Abbreviated New Drug Application pursuant to 21 U.S.C. § 355(j) |
| Apotex | Defendants Apotex Inc. and Apotex Corp. |
| Apotex's ANDA | Apotex's ANDA No. 207736, which seeks FDA approval for Apotex's ANDA product |
| Apotex's ANDA product | The 60 mg/1.5 mL cabazitaxel injection described in Apotex's ANDA |
| Apotex's Answer | D.I. 46, Defendant Apotex's Answer, Defenses, and Counterclaims |
| Apotex's FAC Answer | D.I. 82, Defendant Apotex's Answer, Defenses, and Counterclaims to the First Amended Complaint for Patent Infringement |
| (b)(2) NDA | New Drug Application pursuant to 21 U.S.C. § 355(b)(2) |
| CCO | D.I. 215, Claim Construction Order |
| Defendants | Defendants Apotex and Sandoz |
| Defendants' MTD | D.I. 252, Defendants' Joint Motion to Dismiss Plaintiffs' Second Amended Complaint for Patent Infringement Pursuant to Fed. R. Civ. P. 12(b)(6) |
| Defendants' Opening Brief | D.I. 253, Defendants' Brief in Support of |

|  | Their Joint Motion to Dismiss Plaintiffs' Second Amended Complaint for Patent Infringement Pursuant to Fed. R. Civ. P. 12(b)(6) |
|---|---|
| Defendants' Reply Brief | D.I. 256, Defendants' Reply Brief in Support of Their Joint Motion to Dismiss Plaintiffs' Second Amended Complaint for Patent Infringement Pursuant to Fed. R. Civ. P. 12(b)(6) |
| HAE | Hereditary angioedema |
| Indications and Usage section | D.I. 248-1, SAC Ex. D, Jevtana® Prescribing Information § 1 |
| IPR | *Inter partes* review pursuant to 35 U.S.C. §§ 311-319. |
| IPR Certificate | Certificate of amendment pursuant to 35 U.S.C. § 318(b) |
| Jevtana® PI | D.I. 248-1, SAC Ex. D, Jevtana® Prescribing Information |
| mCRPC | Metastatic castration-resistant prostate cancer |
| MTD | Motion to dismiss |
| Mylan | Mylan Laboratories Ltd. |
| Mylan '592 IPR | *Inter partes* review proceeding filed by Mylan involving the '592 patent, styled *Mylan Labs. Ltd. v. Aventis Pharma S.A.*, No. IPR2016-00712 (P.T.A.B.) |
| Patents-in-suit | '592, '110, and '777 patents |
| Prior New Jersey Action or PNJA | *Sanofi-Aventis U.S. LLC v. Fresenius Kabi USA, LLC*, C.A. No. 14-7869 (D.N.J.) (consolidated) |
| NDA | New Drug Application pursuant to 21 U.S.C. § 355(b)(1) |
| NJCCO | Prior New Jersey Action Amended Memorandum Opinion on Claim |

|  | Construction (*Sanofi-Aventis U.S. LLC v. Fresenius Kabi USA, LLC*, Civil Action No. 14-7869 (MAS) (LHG), 2016 WL 5898627 (D.N.J. Oct. 7, 2016)) |
|---|---|
| New Jersey Trial Opinion or NJTO | *Sanofi-Aventis U.S. LLC v. Fresenius Kabi USA, LLC*, Civil Action No. 14-7869 (MAS) (LHG), 2018 WL 9364037 (D.N.J. Apr. 25, 2018) |
| PSA | Prostate specific antigen |
| PTO | United States Patent and Trademark Office |
| PTAB | PTO's Patent Trial and Appeal Board |
| R&R | D.I. 279, Report and Recommendation |
| SAC | D.I. 248, Plaintiffs' Second Amended Complaint for Patent Infringement |
| Sandoz | Defendant Sandoz Inc. |
| Sandoz's Answer | D.I. 49, Defendant Sandoz Inc.'s Answer, Defenses and Counterclaims to the Complaint for Patent Infringement |
| Sandoz's FAC Answer | D.I. 83, Defendant Sandoz Inc.'s Answer, Defenses and Counterclaims to Plaintiffs' First Amended Complaint for Patent Infringement |
| Sanofi | Plaintiffs Sanofi-Aventis U.S. LLC and Sanofi Mature IP |
| Sanofi's Opposition | D.I. 255, Plaintiffs' Answering Brief in Opposition to Defendants' Motion to Dismiss the Second Amended Complaint for Patent Infringement Pursuant to Fed. R. Civ. P. 12(b)(6) |
| TROPIC Study Summary | D.I. 248-1, SAC Ex. D, Jevtana® Prescribing Information § 14.1 |

Defendants respectfully submit this Partial Objection to Magistrate Judge Hall's July 8, 2022 R&R (D.I. 279), and request that the portion of Defendants' MTD (D.I. 252) seeking dismissal of Sanofi's '110 and '777 patent infringement claims (D.I. 248, SAC Counts I-IV) be granted.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Sanofi's SAC asserts infringement of three method-of-treatment patents—the '592, '110, and '777 patents—which are all in the same family. In order to get around the prior art that invalidated the original claims of the '592 patent in the Prior New Jersey Action, Sanofi narrowed the scope of the claims it sought in connection with the '110 and '777 patents, and ultimately secured claims covering methods of administering cabazitaxel to a prostate cancer patient with the specific intention of increasing that patient's survival. However, while the original claims of the '592 patent covered the approved indication for cabazitaxel—in combination with prednisone for the treatment of patients with mCRPC previously treated with a docetaxel-containing treatment regimen—the claims of the '110 and '777 patents do not. At best for Sanofi, the '110 and '777 patents cover a small subset (increasing survival) of the approved indication (treatment), which is insufficient as a matter of law to support a claim that the indication in the ANDA/(b)(2) NDA-filer's proposed label will induce infringement. *Grunenthal GMBH v. Alkem Labs. Ltd.*, 919 F.3d 1333, 1339-40 (Fed. Cir. 2019).

On September 13, 2021, Defendants moved to dismiss Sanofi's '592 patent infringement claims on claim preclusion grounds, and Sanofi's '110 and '777 patent infringement for failure to state a plausible claim of inducement. On July 8, 2022, Magistrate Judge Hall issued the R&R recommending dismissal of Sanofi's '592 patent infringement claims, but recommending denial of Defendants' MTD seeking dismissal of Sanofi's '110 and '777 patent infringement claims.

1

While carrying out a thorough and thoughtful analysis of the parties' arguments with respect to claim preclusion for the '592 patent—that spanned 16 pages and that ultimately reached the correct conclusion on claim preclusion[1]—the R&R spends only two pages on Defendants' MTD directed at Sanofi's '110 and '777 patent infringement claims, and fails to adequately address Defendants' arguments as to why the SAC fails to plausibly allege that Defendants' product labels will "encourage[], recommend[], or promote[]" the claimed methods, an indispensable requirement for induced infringement in this case. *Grunenthal*, 919 F.3d at 1339.

The R&R relies on two portions of Defendants' labels to find that Sanofi has plausibly alleged encouragement of the claimed methods: (1) the Indications and Usage section (D.I. 248-1, SAC Ex. D, Jevtana PI § 1); and (2) data summarized in the TROPIC clinical study summary section (*id*. at § 14.1). D.I. 279, R&R at 18. *Grunenthal*, however, forecloses reliance on the Indications and Usage section of Defendants' labels to find inducement as a matter of law. *Grunenthal*, 919 F.3d at 1339-40. And the R&R's reliance on data in the TROPIC study summary section of Defendants' labels—which Sanofi concedes is never actually characterized in any way—to find Sanofi's inducement allegations plausible runs contrary to Federal Circuit precedent holding that "speculation about how physicians may act" concerning "vague label language" is insufficient as a matter of law to support an inducement claim. *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 632-33 (Fed. Cir. 2015). For the foregoing reasons, explained more fully below, Defendants' respectfully request that this Court sustain the instant Partial Objection, and grant their MTD seeking dismissal of Sanofi's '110 and '777 patent infringement claims pursuant to Rule 12(b)(6).

---

[1] Defendants **do not** object to the portion of the R&R recommending dismissal of Sanofi's '592 patent infringement claims. D.I. 279, R&R at 6-16, 19.

**FACTUAL BACKGROUND**

Defendants filed their regulatory submissions (ANDAs and (b)(2) NDAs) in 2014, triggering the Prior New Jersey Action in which Sanofi alleged, *inter alia*, that Defendants' submissions infringed Sanofi's '170 and '592 patents. D.I. 248, SAC ¶¶ 10-12, 34-36, 50-52, 66; NJTO, 2018 WL 9364037, at *1-3, n.1. On September 15, 2017, the New Jersey court consolidated all pending actions for trial on Sanofi's claims and held an 8-day bench trial between September 18-29, 2017. D.I. 248, SAC ¶¶ 66-69; NJTO, 2018 WL 9364037, at *1-3, n.1. After trial, the New Jersey court found the asserted claims of the '592 patent invalid as obvious and the asserted claims of the '170 patent infringed and not invalid. D.I. 248, SAC ¶ 70; NJTO, 2018 WL 9364037 at *37. The New Jersey court entered judgment in favor of Defendants on the '592 patent and entered judgement in favor of Sanofi on the '170 patent. D.I. 248, SAC ¶ 71; PNJA, D.I. 320, Final Judgment. Sanofi never appealed the New Jersey court's decision finding the asserted claims of the '592 patent invalid. NJTO, 2018 WL 9364037 at *33-35; *Sanofi-Aventis U.S. LLC v. Dr. Reddy's Labs., Inc.*, 933 F.3d 1367 (Fed. Cir. 2019).

Sanofi then instituted this action on June 12, 2020, asserting that Defendants' regulatory submissions will induce infringement of the '110 patent. D.I. 1, Compl. On July 20, 2020, Defendants answered the Complaint and asserted various defenses and counterclaims, including the defense of failure to state a claim for induced infringement of the '110 patent. D.I. 46, Apotex's Answer at 41 (Third Additional Defense); D.I. 49, Sandoz's Answer at 41 ("Fifth Affirmative Defense"). On July 31, 2020, Sanofi amended its complaint to include the '777 patent. D.I. 62, FAC. On August 14, 2020, Defendants answered the FAC and again asserted various defenses and counterclaims, including the defense of failure to state a claim for induced infringement of the '110 and '777 patents. D.I. 82, Apotex's FAC Answer at 28 (Third Additional Defense); D.I. 83, Sandoz's FAC Answer at 27 ("Eighth Affirmative Defense"). The parties thereafter proceeded

3

through fact discovery, claim construction, and commenced expert discovery.

During the Prior New Jersey Action, the '592 patent was put through IPR, which ultimately resulted in a finding that nearly all of the original claims were unpatentable, but that allowed Sanofi to substitute amended claims for the original claims. D.I. 279, R&R at 2-5. Upon issuance of the IPR certificate adding the amended claims to the '592 patent, Sanofi filed the SAC asserting that Defendants' cabazitaxel products will—through their product labelling—induce infringement of the amended '592 patent claims and of the claims of the '110 and '777 patents. D.I. 248, SAC ¶¶ 87-159. All three patents-in-suit are generally directed to the administration of cabazitaxel (1) to treat (original '592 patent claims) prostate cancer, or (2) with the specific intention of increasing a prostate cancer patient's survival (amended '592 patent claims; '110 and '777 patent claims). *Id.* ¶¶ 81, 83; D.I. 248-1, SAC Ex. A, '592 patent 1:19-26; D.I. 248-1, SAC Exs. A-C; D.I. 215, CCO. Defendants seek FDA approval of their cabazitaxel products for the only approved indication for cabazitaxel: in combination with prednisone for the treatment of patients with mCRPC previously treated with a docetaxel-containing treatment regimen. D.I. 248, SAC ¶¶ 91-92; D.I. 248-1, SAC Ex. D, Jevtana® PI § 1. For purposes of Defendants' MTD and the instant Partial Objection only, Defendants' proposed labels are substantively identical to the Jevtana® PI. *See, e.g.*, D.I. 248, SAC ¶ 91.

On September 13, 2021, Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Sanofi's '592 patent infringement claims (D.I. 248, SAC Counts V-VI) based on claim preclusion, and '110 and '777 patent infringement claims (*id.* at Counts I-IV) for failure to state a claim for inducement. D.I. 252, MTD. On July 8, 2022, Magistrate Judge Hall issued the R&R (D.I. 279), recommending dismissal of Sanofi's '592 patent claims, but denial of Defendants' MTD seeking dismissal of Sanofi's '110 and '777 patent claims. The instant Partial Objection followed.

4

# ARGUMENT

## I. LEGAL STANDARD

### A. Standard of Review

"When reviewing the decision of a Magistrate Judge on a dispositive matter, the Court conducts a *de novo* review." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted where, even accepting all factual allegations in the complaint as true, the complaint fails to state a claim to relief "under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). To survive a motion to dismiss, a complaint must do more than merely recite "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.*

### C. Inducement

Section 271(b) provides "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. §271(b). "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc). "Accordingly, inducement requires evidence of culpable conduct, directed to encouraging another's infringement." *DSU*, 471 F.3d at 1306. "'[S]pecific intent and action to induce infringement must be proven.'" *Takeda*, 785 F.3d at 631 (quoting *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003)). "[M]ere knowledge about a product's characteristics or that it may be put to infringing uses is not enough." *HZNP Meds. LLC v. Actavis Labs. UT, Inc.*, 940 F.3d 680, 701 (Fed. Cir. 2019).

## II.   THIS COURT SHOULD DISMISS SANOFI'S '110 AND '777 PATENT INFRINGEMENT CLAIMS

The SAC fails to state a plausible claim for induced infringement of the '110 and '777 patents. In the Hatch-Waxman context, when a brand plaintiff asserts that an ANDA/(b)(2) NDA filer's product label induces infringement, "[t]he label must encourage, recommend, or promote infringement." *Takeda*, 785 F.3d at 631. Otherwise, the brand plaintiff has no claim for inducement based on the product label. *Id*. at 631-34; *Grunenthal*, 919 F.3d at 1339-41; *HZNP*, 940 F.3d at 699-704. As this Court has previously acknowledged, dismissal at the pleadings stage is appropriate if the label does not encourage, recommend, or promote infringement. *See Ferring Pharms. Inc. v. Lupin Inc.*, Civil Action No. 1:19-cv-913-RGA, 2020 WL 3414750, at *4-5 (D. Del. June 22, 2020); *Amarin Pharma, Inc. v. Hikma Pharm. USA, Inc.*, C.A. No. 20-1630-RGA-JLH, 2022 WL 605734, at *2-5 (D. Del. Jan. 4, 2022).

### A.   Defendants Preserved Their Failure to State a Claim Defenses

At the outset, the R&R appears to fault Defendants for not moving to dismiss Sanofi's '110 patent infringement claims in the original Complaint (D.I. 1), or its '110 and '777 patent infringement claims in the FAC (D.I. 62). D.I. 279, R&R at 17. This is improper. Rule 12(h)(2)(A) allows Defendants to raise their failure to state a claim defenses in their answers, and that is exactly what Defendants did, in both their answers to the Complaint and the FAC. *See* D.I. 46, Apotex's Answer at 41 ("**Third Additional Defense**[:]….Plaintiff's Complaint, in whole and/or in part, fails to state a claim upon which relief can be granted, including because [Apotex's ANDA] does not seek approval of [Apotex's ANDA product] for use in the methods claimed in the '110 patent,….); D.I. 82, Apotex's FAC Answer at 28 (same for both the '110 and '777 patents*)*;D.I. 49, Sandoz's Answer at 41 ("Fifth Affirmative Defense"); D.I. 83, Sandoz's FAC Answer at 27 ("Eighth Affirmative Defense"). Under Rule 12(i), "[i]f a party so moves, any

6

defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion—…must be heard and decided before trial unless the court orders a deferral until trial." Thus, Defendants adequately preserved their failure to state a claim defenses to Sanofi's '110 and '777 patent infringement claims, and were entitled to be heard on those defense before trial.

### B. The SAC Fails to Plausibly Allege that Defendants' Labels Will Encourage, Recommend, or Promote the Claimed Methods

The SAC alleges, and the R&R finds, that two portions of Defendants' labels—(1) the Indications and Usage section, and (2) the TROPIC Study summary section—will encourage administration of Defendants' cabazitaxel products with the specific intent to increase a prostate cancer patient's survival. D.I. 248, SAC ¶¶ 92, 103, 115, 126; D.I. 279, R&R at 18-19. These allegations are simply not plausible, and the R&R's findings to the contrary are in error.

#### 1. *Grunenthal* Forecloses Reliance on the Indications and Usage Section to Find Inducement

Defendants seek approval of their cabazitaxel products for the only indication that cabazitaxel is approved for: "treatment of patients with [mCRPC] previously treated with a docetaxel-containing treatment regimen." D.I. 248-1, SAC Ex. D, Jevtana® PI § 1. The common specification of the '110 and '777 patents explains that "treatment" with cabazitaxel produces therapeutic effects "selected from the group consisting of increase in overall survival, partial response, reduction in tumor size, reduction in metastasis, complete remission, partial remission, stable disease, or complete response," and is not simply limited to "increasing survival." D.I. 248-1, SAC Ex. B, '110 patent 3:28-33. And this Court and others have repeatedly held that the plain and ordinary meaning of "treat," "treatment," or "treating" in the pharmaceutical patent context is a broad concept that means to attempt to assist, to attempt to impart some benefit to, or to cause a

7

therapeutic improvement in a patient.[2]  Moreover, Sanofi has conceded that "treatment" in the context of the patents-in-suit includes unclaimed methods: "a physician administering cabazitaxel, premedication, and prednisone according to claim 31 to shrink a tumor, [to] stabilize disease, or to reduce pain, but without the intention of prolonging life, is not practicing the claimed [invention]."  D.I. 269, JCCC Ex. MM, *Aventis Pharma S.A. v. Mylan Labs. Ltd.*, No. 18-1203 (Fed. Cir.), Reply Br. for Appellant at 6.

Thus, there is no dispute that "treatment" as used in the Indications and Usage section of Defendants' labels includes unclaimed methods.  As this Court recently recognized:

> [In *Grunenthal*], the Federal Circuit . . . found that a label indicated for '[m]oderate to severe chronic pain,' which included both infringing and non-infringing uses, did 'not specifically encourage use' of the generic for the patented treatment

*Amarin*, 2022 WL 605734, at *4 (quoting *Grunenthal*, 919 F.3d at 1339).  Thus, *Grunenthal* renders implausible Sanofi's allegations of encouragement, recommendation, or promotion based on the Indications and Usage section of Defendants' labels.  *Grunenthal*, 919 F.3d at 1339-40.

### 2. Data Summarized in the TROPIC Study Summary Is Insufficient to Support Sanofi's Inducement Claim as a Matter of Law

The ***only*** other portion of Defendants' labels that Sanofi alleges will encourage, recommend, or promote physicians to administer Defendants' cabazitaxel products with the specific intent to increase a prostate cancer patient's survival is the TROPIC study summary

---

[2] *Novartis Pharm. Corp. v. Actavis, Inc.*, Civil Action No. 12-366-RGA-CJB, 2013 WL 6142747, at *11 (D. Del. Nov. 21, 2013) ("treating" construed to mean "attempting to cause a therapeutic improvement in"); s*ee also Shire Viropharma Inc. v. CSL Behring LLC*, Civil Action No. 17-414-MSG, 2019 WL 266327, at *13 (D. Del. Jan. 18, 2019) ("treating [HAE]" construed as "[a]ny type of treatment that imparts a benefit to a patient afflicted with HAE"); *In re: Ciprodex*, Civil Action No. 15-cv-5756 (PGS)(DEA), 2017 WL 2784410, at *11 (D.N.J. June 27, 2017) ("treating a human patient" construed to mean "attempting to cause a therapeutic improvement in a human patient."); *Horizon Therapeutics, Inc. v. Par. Pharm., Inc.,* Case No. 2:14-cv-384-JRG-RSP, 2015 WL 6165427, at *10 (E.D. Tex. Oct. 20, 2015) ("treating" construed to mean an "attempt to assist the patient").

section, which describes results from a clinical trial *that occurred in the past*. D.I. 248, SAC ¶¶ 92, 103, 115, 126; D.I. 279, R&R at 18; D.I. 248-1, SAC Ex. D, Jevtana® PI § 14.1. Sanofi and the R&R essentially concede that there is nothing in Defendants' labels expressly characterizing the TROPIC data, which includes not just overall survival data, *but also* tumor response data (a non-survival outcome).³ D.I. 255, Sanofi's Opp'n at 17; D.I. 279, R&R at 18; D.I. 248-1, SAC Ex. D, Jevtana® PI § 14.1. Thus, Sanofi's inducement claims boils down to an assertion that "presentation of th[e TROPIC study] data in Defendants' proposed labels will encourage and inevitably lead physicians to administer cabazitaxel to patients according to the claimed methods." D.I. 255, Sanofi's Opp'n. at 16.

This is insufficient as a matter of law. "Merely describing,…, an infringing mode is not the same as recommending,…, encouraging,…, or promoting,…, an infringing use, or suggesting that an infringing use should be performed." *Takeda*, 785 F.3d at 631. The summary does not even describe an infringement (administration with the required *intent*), and the R&R's finding that "it is plausible that a physician reading [Defendants'] labels will be encouraged to administer Defendants' proposed products to a patient with the intent of increasing the patient's survival," D.I. 279, R&R at 18-19, runs afoul of *Takeda*'s mandate that "speculation about how physicians may act" concerning "vague label language" is insufficient as a matter of law, *Takeda*, 785 F.3d at 632 ("This would seem to too easily transform that which we have held is 'legally irrelevant,' *Warner-Lambert*, 316 F.3d at 1364—mere knowledge of infringing uses—into induced infringement."). Thus, Sanofi's allegations that the TROPIC study summary data will encourage, recommend, or promote physicians to administer Defendants' products with the specific intent of

---

³ Tumor response data, a non-survival outcome, should not be confused with tumor progression-free survival, which is a survival outcome.

9

increasing a prostate cancer patient's survival are simply not plausible, as a matter of law.

### C. There Are No Disputed Facts Precluding Dismissal

Nothing in Defendants' labels rises to the level of legally cognizable evidence of inducement, and Sanofi's allegations to the contrary regarding the Indications and Usage and TROPIC study summary sections of Defendants' labels are not plausible, warranting dismissal of Counts I-IV of the SAC. Sanofi's plea that it should be afforded an opportunity to present expert testimony about how physicians will understand the data in the TROPIC study summary section of Defendants' labels, D.I. 255, Sanofi's Opp'n at 14, should be rejected, as it runs afoul of *Takeda* and its progeny. *Takeda*, 785 F.3d at 632-33 ("speculation about how physicians may act" concerning "vague label language" is insufficient as a matter of law); *Bayer Schering Pharma AG v. Lupin, Ltd.*, 676 F.3d 1316, 1323-1324 (Fed. Cir. 2012) (rejecting expert's reading of a generic label that was contrary to the Court's objective reading of the label); *HZNP*, 940 F.3d at 702 (rejecting expert testimony to create disputed material fact issues precluding summary judgment, because the face of the label indisputably revealed no inducement); *see also Ferring*, 2020 WL 3414750, at *4 (rejecting request to present expert testimony because label did not require administration within 3 hours but more than 1).

To avoid transforming what is legally irrelevant—mere knowledge of infringement—into inducement liability, this Court must play a gatekeeping function and take an objective review of whether what Sanofi alleges in the SAC is evidence of inducement. Defendants respectfully submit that such an objective review will reveal that Sanofi has failed to plausibly allege inducement, warranting dismissal of Sanofi's '110 and '777 patent infringement claims.

### CONCLUSION

Defendants respectfully request that the Court sustain the instant Partial Objection and dismiss Sanofi's '110 and '777 patent infringement claims.

Dated: July 22, 2022

PHILLIPS, MCLAUGHLIN, & HALL, P.A.

/s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Megan C. Haney (#5016)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
mch@pmhdelaw.com

*Attorneys for Defendants Apotex Corp. and Apotex Inc.*

OF COUNSEL:

Andrew M. Alul
Ian Scott
Roshan P. Shrestha, Ph.D.
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601-3713
(312) 527-4000

Aaron M. Johnson
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center 80 South Eighth Street
Minneapolis, MN 55402
Tel. (612) 977-8268

Derek B. Lavender
TAFT STETTINIUS & HOLLISTER LLP
1 Indiana Square
Indianapolis, IN 46204
(317) 713-3500

HEYMAN ENERIO GATTUSO & HIRZEL LLP

/s/ Dominick T. Gattuso
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7311
dgattuso@hegh.law

*Attorneys for Defendant Sandoz Inc.*

OF COUNSEL:

Daryl L. Wiesen
Emily Rapalino
Kevin DeJong
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Tiffany Mahmood
Audie Soucy
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
(212) 813-8800