IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC and<br>SANOFI MATURE IP,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>APOTEX CORP., *et al.*,<br><br>　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 20-804 (RGA)<br>**CONSOLIDATED**<br><br>▇▇▇▇▇▇▇▇▇▇▇▇▇▇<br>▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ |

**Public Version Filed:  August 25, 2022**

### DEFENDANT SANDOZ INC.'S UNOPPOSED MOTION TO REDACT PORTIONS OF THE MARCH 25, 2022 HEARING TRANSCRIPT

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and this Court's policy on the electronic availability of transcripts of court proceedings, Defendant Sandoz Inc. ("Sandoz") respectfully moves this Court for an Order redacting four lines of the Court's March 25, 2022 Scheduling Conference (D.I. 281) that reference Sandoz's highly confidential information regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  A Notice of Intent to Request Redaction of Transcript was filed on July 21, 2022 (D.I. 283).

The grounds for this motion are set forth below.  The requested redactions are attached hereto as Exhibit A, which is a full version of the transcript with the proposed redactions highlighted.  A redacted version of the transcript is attached hereto as Exhibit B.  Pursuant to Local Rule 7.1.1, counsel for Sandoz conferred with counsel for Plaintiffs Sanofi-Aventis U.S. LLC and Sanofi Mature IP (collectively, "Sanofi") and counsel for Apotex, Inc. ("Apotex") in the above-captioned action.  Sanofi and Apotex do not oppose this motion and do not object to the proposed redactions.

I.      **LEGAL STANDARD**

Although "[t]he public has a common law right of access to judicial proceedings and records," this right "is not absolute." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012); *see also In re Avandia*, 924 F.3d 662, 672 (3d Cir. 2019) (citation omitted) ("The presumption of access is just that, and thus may be rebutted."). This Court has the authority to seal where confidential information may be disclosed to the public. In particular, Federal Rule of Civil Procedure 26(c)(1)(G) provides for the protection by courts of materials containing "trade secret[s] or other confidential research, development, or commercial information," upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See e.g.*, *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981). As the Supreme Court has acknowledged, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Time Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). The party seeking to seal a portion of a judicial record bears the burden of showing that the material is the kind of information that courts will protect and good cause exists to justify the redaction. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001); *see also Avandia*, 924 F.3d at 672 (citation omitted) ("The movant must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure."). In addition, courts have recognized that "where both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure [may] satisfy both interests." *Willingham v. Ashcroft*, 355 F. Supp. 2d 390, 391 (D.D.C. 2005) (quoting *United States v. Hubbard*, 650 F.2d 293, 324-25 (D.C. Cir. 1980)).

Courts routinely hold that confidential and sensitive business information is the type of information that should be protected from public disclosure. *See Leucadia, Inc. v. Applied*

*Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure."); *Intellectual Ventures LLC v. AT&T Mobility LLC*, C.A. No. 12-193-LPS, 2014 WL 4445953, at *4 (D. Del. Sept. 8, 2014) (Stark, J.) (granting unopposed motion to redact portions of a discovery dispute conference transcript as the "proposed redactions involve confidential and sensitive business information of the type that should be protected from public disclosure").

In order to establish "good cause," the party seeking redaction must show that the "disclosure will work a clearly defined and serious injury to [that party]." *Cendant*, 260 F.3d at 194 (citation omitted); *see also Avandia*, 924 F.3d at 671. In determining whether good cause exists, "courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid*, 878 F. Supp. 2d at 508 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)). "[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788.

Sandoz seeks to redact only four lines in the transcript that contain highly confidential information regarding the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The proposed redactions are narrowly tailored and apply only to this narrow disclosure of highly confidential and sensitive business information. The information is currently confidential and unavailable to the general public, and, as explained below, such disclosure could seriously injure Sandoz's competitive standing in the marketplace.

3

## II.  SANDOZ HAS GOOD CAUSE FOR REDACTION OF ITS CONFIDENTIAL INFORMATION

### A.  Sandoz Will Be Harmed By Public Disclosure of Information Related to Its ███████████████

The information discussed at the March 25 hearing relates to ██████████████ ██████████. As explained in more detail in the Affidavit of Cam Lemley ("Lemley Aff."), Executive Director of Generics at Sandoz, disclosure of the ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████ *Id.*

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████



For at least these reasons, disclosure of information about ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ would threaten Sandoz's competitive standing and thus warrants redaction. *See Mosaid*, 878 F. Supp. 2d at 507 (highlighting the threat of disclosure of confidential information to a "litigant's competitive standing"); *Avandia*, 924 F.3d at 679 (citation omitted) ("To be sure, courts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'").

B.     **There Is No Legitimate Public Interest in the Redacted Information**

Because this case involves private litigants and their confidential business information, there is no "legitimate public interest" in the proposed redactions. *See Pansy*, 23 F.3d at 788 ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality."). Thus, in this instance, the presumption of public access is outweighed by the serious injury Sandoz may suffer should this highly confidential and sensitive business information become publicly available. *See Avandia*, 924 F.3d at 672.

The public interest also weighs in favor of redacting Sandoz's highly confidential information here. The transcript at issue was for a scheduling conference and importantly, the

resulting scheduling order, is publicly available. *See* D.I. 267. Sandoz has not requested that the scheduling order itself be redacted. As a result, even with Sandoz's redactions to the hearing transcript, from the public record, the readers will be able to discern the timing of trial in this case.

### C. Conclusion

For the foregoing reasons, Sandoz respectfully requests that the Court order that the redacted version of the March 25, 2022 transcript attached hereto as Exhibit B be filed as the public version on the docket and seal the unredacted version of the transcript (D.I. 181).

|  |  |
|---|---|
|  | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP |
| OF COUNSEL:<br><br>Daryl L. Wiesen<br>Emily Rapalino<br>Kevin J. DeJong<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA  02210<br>(617) 570-1000<br><br>Tiffany Mahmood<br>GOODWIN PROCTER LLP<br>620 Eighth Avenue<br>New York, NY  10018<br>(212) 813-8800<br><br>Dated:  August 18, 2022 | */s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE  19801<br>(302) 472-7311<br>dgattuso@hegh.law<br><br>*Attorneys for Defendant Sandoz, Inc.* |